## Ex Parte Gus Fischl.

### No. 3914.  Decided February 27, 1907.

**1.—Extradition—Forgery—Indictment—Sufficient Averment.**

Where upon extradition proceedings the charge of forgery was based upon a certain weigh-bill or invoice, the same showed upon its face a valid instrument as the subject of forgery, and was sufficient for the purpose of extradition.

**2.—Same—Treaty—Fugitive's Right of Return—New Complaint.**

Where a party has been extradited and the indictment or complaint forms the basis of an extraditable offense under the treaty between the demanding and the asylum countries, the fact that the complaint or indictment is quashed in the demanding state will not authorize the extradited party to demand his return to his asylum in a foreign country, if the demanding State desires to hold him over for trial on a new complaint for the same offense.

Appeal from the District Court of Williamson.  Tried below before the Hon. V. L. Brooks.

Appeal from a habeas corpus trial on an extradition proceeding and an order remanding relator to custody until further order of the court.

The opinion states the case.

*F. J. Taulbee* and *H. N. Graves,* for relator.—Citing, Blandford v. State, 10 Texas Crim. App., 627.

*F. J. McCord,* Assistant Attorney-General, for the State.—Bryan v. U. S., 104; Benson v. McMahon, 127 U. S., 457; article 3, Treaty of Extradition with Mexico, June 20, 1862.

DAVIDSON, Presiding Judge.—Relator was extradited from Mexico under and by virtue of a treaty existing between the United States and Mexico.  Two points are urged for discharge of relator.

The first proposition is, that after being brought back to Williamson County, by virtue of the extradition warrant, the indictment called for in the extradition papers was quashed for want of accuracy in the pleading, and the district court erred in holding relator for twenty-four hours in order that a complaint might be filed by virtue or our statute authorizing such proceedings when the indictment is quashed.  In other words, his contention on this point is this, tersely stated, that when the indictment was quashed he was entitled to a reasonable time to return to his asylum home in the Republic of Mexico, and that the complaint filed against him sets up a new cause of action.

The second proposition is that the paper upon which the forgery is laid is not the subject of forgery; that it required other averments other than those shown on its face in order to constitute a valid instrument as the subject of forgery.  Taking up these propositions in their reverse order, we are of opinion there is nothing in the second

contention. The instrument was a way-bill or invoice showing on its face that fifty cases of eggs were shipped from Taylor, Williamson County, to Galveston over the M., K. & T. Ry. and thence to New York over the Mallory Steamship line. Such an instrument is the subject of forgery, although it might require innuendo or explanatory averments. This question has been so often discussed in Texas, and the authorities are so numerous that we will not pursue it further.

The first question is somewhat more important. A careful review of the authorities, as we understand them, will show that where a party has been extradited, and the indictment or complaint forms the basis of an extraditable offense, under the treaty between the demanding and the asylum countries, the fact that the complaint or indictment is quashed in the demanding State, will not authorize the extradited party to demand his return to his asylum in a foreign country, if the demanding State desires to hold him over for trial when the papers are quashed. The cases practically seem to concede that the offense must be the same for which he was extradited; that he cannot be held for a different offense, but none of the cases which have come under our observation lays down the proposition that because of the want of sufficient technical allegation in the charge, whether complaint or indictment, that fact would debar the demanding State from holding over the extradited party to answer a valid prosecution. In the case of In re Foss, reported in the 25th volume of Lawyers Reports Annotated, it was held that the discharge of a person who has been surrendered by a foreign nation under extradition proceedings, on setting aside the indictment against him, does not prevent his arrest on a subsequent complaint for the same offense. To the same effect is the case of In re Rowe reported in the 77 Federal Reporter, 161. There it was held that the existence of a technical defect or want of proper allegation in the information or indictment setting up the offense for which the party was extradited, does not make it no information or indictment, and it was further held that the party could be held on the finding of a new indictment to remedy the technical defects in the former. Of course, this has reference to the indictment for the same offense, and not a different offense. In the case of People v. Gray, 66 California, 271, it was a conceded proposition that the defendant could only be tried for the offense for which he was extradited, but it was held that it would be sufficient if the offense charged was the same as that for which he was put on trial, although the terms of the charge in the extradition papers may have been different from those in the information presented on the trial. Practically the same question came before this court in Kelly v. State, 13 Texas Crim. App., 158. In the Kelly case the appellant entered a plea to the jurisdiction of the district court of Maverick County, based upon the allegation that appellant was arrested on a complaint before the justice of the peace charged with wilfully taking into his possession, driving, using and removing from its accustomed

range a steer without the consent of the owner and with an intent to defraud the owner. The grand jury subsequently indicted Kelly for theft of the steer. Judge Willson, delivering the opinion for the court, which was unanimous, stated that the extradition from Mexico was for the offense of theft of cattle, and the appellant was tried and convicted of that offense. He further stated that "There appear some irregularities in the proceedings had to obtain the requisition, but it does not appear that the extradition was fraudulently or wrongfully obtained, or that it was in violation of the treaty between the United States and Mexico. The case is essentially different from Blanford v. State, 10 Texas Crim. App., 627." While the opinion does not elaborate the question, we suppose the basis of the conclusion reached was that while our statutes define theft and the fraudulent using and driving from a range an animal, yet the facts upon which the case was predicated were the same, and an inspection of the two statutes will show that the punishment is the same, and that the fraudulent driving from the range is punished as if the party had committed theft of the animal. In other words, this case seems to be in line with the authorities that if the facts constitute the offense for which the party was extradited, and are the same facts upon which he is tried, whether or not the indictment sets out the identical offense and calls it by the same name as that set out in the extradition papers, would make no difference, and the cases all seem to travel upon the line that it is the same offense, and where the facts show it to be the same offense, that the party will be held for trial, although the former pleadings were defective. None of the cases that have been called to our attention goes to the extent of holding that it is the same case, that is, it is the same indictment. In re Foss, supra, there arose another question, which is not here necessary to notice. That court held the extradited party for trial, although the offense for which he was extradited was not mentioned in the treaty between the United States and the asylum country; the same was weakened, however, by one of the members of the court filing a dissent to that proposition. That holding was based on the general doctrine of comity. In re Brown, supra, another question is presented, which, under our law, as it is now, could not arise. In Iowa where the case arose, the Legislature had abolished the distinction between accomplices and principals and accessories, and the court held in that State, in view of a law, as it was, that it would be immaterial whether the extradited party had been brought from his asylum under a charge of accomplice, or principal or accessory. The complaint in this case charges appellant with the same offense on the same alleged forged paper as shown by the agreed statement of facts. This being true, he cannot claim the benefit of a reasonable time to return to his asylum, and we further hold that the court was correct in allowing the State reasonable time in which to prepare a complaint for holding relator for trial, and the mere fact that the pleading or technical averment of the com-

plaint may be deficient, is not sufficient ground for holding that no offense has been charged. The judgment of the trial court is affirmed.

*Affirmed.*