# CHARLESTON.

## STATE v. JOHN TALIP AND HARRY HOMAD.

Submitted March 21, 1922.     Decided March 28, 1922.

FORGERY—*Indictment for Forging Shipper's Receipt, After Delivery of Goods, Quashed.*

The receipt of an express company given a shipper for goods to be transported, in which the shipper, after delivery of the goods, raises the declared value thereof, for the purpose of using the same to establish the value of the goods, subsequently destroyed by fire, and in proof of his loss, does not constitute legal evidence on the question of such value, to the prejudice of the rights of the insurance company; and an indictment charging the shipper with the forgery of such receipt, with innuendo for the purpose alleged, is bad on demurrer and should be quashed.

Error to Circuit Court, Logan County.

John Talip and Harry Homad were convicted of forgery, and they bring error.

*Reversed; Defendant discharged.*

90 W. Va.

*Minter & McNemar,* and *E. L. Hogsett,* for plaintiffs in error.

*E. T. England,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The indictment contains four counts. The *first count* charges defendants with the forgery, on the ——day of January, 1920, of a certain receipt of the American Railway Express Company, issued to the defendants at Clarksdale, Mississippi, December 8, 1919, by raising the value of the shipment as therein declared by the shippers, from $770.00 to $3,770.00, for the purpose of establishing the value of the merchandise contained in their store building at Omar, in Logan County, West Virginia, and their claim for loss of said goods by fire under the several insurance policies then existing upon said goods, and to defraud the underwriters thereby. The *second count* charges defendants with uttering or attempting to utter as true said express company's receipt in the various ways set out therein, and for the purposes aforesaid. The *third count* charges defendants with the forgery, at the same time and place, of another receipt of said express company, issued to them at Clarksdale, Mississippi, dated December 10, 1919, by raising the declared value of the shipment receipted for, from $175,00 to $1,750.00, for the same purposes alleged with respect to the receipt described in the first and second counts. The *fourth count* charges defendants with uttering or attempting to utter as true the receipt described in the third count, with like purpose and by like means as charged in the second count with respect to the receipt therein described.

There was a demurrer to the indictment and to each count thereof, which was overruled; and this action of the trial court is the first point of error assigned and relied on to reverse the judgment upon the verdict of guilty as charged in the first count, a verdict tantamount to an acquittal on the other counts of the indictment.

The extrinsic facts and circumstances alleged in the first count, on which defendants were found guilty, to show a

reasonable possibility that the alleged forged instrument might cause injury to another, are that at the time of delivery by defendants of the receipt book containing said receipts to their trustee Bland, they knew the said receipts were to be used by him to establish the amount of the merchandise contained in their store at Omar, West Virginia, and in making claim for the loss thereof under the several policies of insurance thereon, the particular receipt alleged in the indictment covering a certain shipment recited therein of December 8, 1919. Stripped of immaterial words, blanks and figures, said receipt as alleged is as follows: "American Railway Express Co., at Clarksdale, Miss. Received from Talip & Homad, the shipments hereinafter listed, subject to the Classification and Tariffs in effect at the date hereof, which shipments the Company agrees to carry upon the terms and conditions of the Uniform Express Receipt in effect on 12-8, D. G. Value $3,700, Consigned to Talip & Homad, Omar, W. Va." Signed, "Hines, for the Company."

The proposition in support of the demurrer is that the instrument, the subject of the alleged forgery, shows on its face that it is one which could not have been the subject of forgery to the prejudice of the rights of any one alleged in the indictment. It is argued that, if raised as alleged, it could not have prejudiced or affected injuriously the rights of the express company that issued it, for it was not, and could not under any circumstances have been bound by the declaration of value by the shipper; and that the insurance companies, not parties thereto, could not have been injured or deceived thereby; wherefore, no offense under the law was committed. As it is not alleged that the express company was or could have been injuriously affected thereby, we need not consider that phase of the proposition.

Our statute, section 5. chapter 146, Barnes' Code 1918, provides: "If any person forge any writing, * * * to the prejudice of another's right, or utter or attempt to employ as true, such forged writing, knowing it to be forged, he shall be confined in the penitentiary not less than two nor more than ten years." Forgery as defined by a text

writer is: "The false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability." 1 Bishop's New Criminal Law, sec. 572.

As already indicated, we are not called upon in this case to say whether or not the raising of the receipt in question, at the time it is alleged to have been forged, could have been made the subject of forgery to the prejudice of the rights of the express company. That question has not been presented by the averments in the indictment. On the question actually presented by the indictment with reference to the insurance companies, the law as generally stated is, that in order to constitute forgery, the writing or instrument must be such, that if genuine, it would have some efficacy as affecting some one's legal right. 12 R. C. L. 148, sec. 11, et seq. and cases cited.

The gravamen of the offense at common law, and by our statute, is that the instrument alleged to have been forged must have been to the prejudice of another's rights. 4 Blackstone's Commentaries, 246. The statute predicates the offense only on such writings as are, or may be, to the prejudice of another's rights, or by which another may be defrauded, and it must sufficiently appear from the description given of the writing alleged to have been forged, that the forgery thereof was to the prejudice of another's rights; if not such, it is not within the statute, and the offense can not be punished as forgery. *Powell* v. *Com.*, 11 Gratt. 822; *Terry* v. *Com.*, 87 Va. 672; *State* v. *Cotts*, 49 W. Va., 615. In *State* v. *Boasso*, 38 La. Ann. 202, the court said: "It is not essential that the forged instrument be one such that, if genuine, an action might be brought on it. If it could be used as proof in a suit, either against him whose name is forged, or in a suit against any other, whether to sustain a claim made or in defense of one, it is susceptible of forgery. In *Arnold* v. *Cost*, (Md.), 22 Amer. Dec. 302, the Maryland court held that it was not essential to the crime of forgery that actual injury should have resulted, that it was sufficient that any one might be or have been injured by the instrument. So held in *State* v. *Johnson*,

26 Iowa, 407. In Virginia, it was decided that an instrument is one of legal efficacy, within the rules relating to forgery, where by any possibility it may operate to the injury of another. In that case the words "in full of account to date" had been inserted in a cancelled and surrendered bank check. *Gordon* v. *Com.,* 100 Va. 825. In Ohio it was held that the altering of a settlement of a book account so as to include a claim which accrued after the settlement, with intent to defraud, amounted to forgery. *Barnum* v. *State,* 15 Ohio 717.

The manifest purpose of the indictment in this case, according to the extrinsic facts and circumstances alleged, was to bring the case within the rule of some of the authorities cited, on the theory that the object of the alleged forgery of the receipt was to do injury to the insurance companies. The question is, whether the forged receipt, if genuine, could by any possibility have been used to affect the rights of those companies. The indictment avers that it was to be used in proof of and to establish the claim of defendants against the insurance companies for losses by fire of defendant's stock of goods. Would it have been competent and efficient for this purpose? It has been held that the amount of an insurance policy is not evidence of the value of the property destroyed; that it is necessary for the insured to prove the extent of the loss. 5 Joyce on Insurance, (2nd ed.), p. 6164, sec. 3769, citing *Standard Fire Ins. Co.* v. *Wren,* 11 Ill. App. 242. In the case of *Com.* v. *Butler,* (Ky.), 37 S. W. 840, the court held that an indictment charging defendant with forgery committed by changing the figures in a receipt issued to him by an express company, for charges advanced by him on goods shipped for another, by increasing the amount named therein for the purpose of defrauding the shipper of the difference, does not state facts establishing a forgery, but which on the facts alleged might constitute an offense different from forgery. In *Ex parte Fischl,* (Tex.), 100 S. W. 773, it was decided that a way bill or invoice showing that fifty cases of eggs had been shipped from T. to G. over a certain railroad, and thence to New York over a steamship line, might be the

subject of forgery, though it might require an innuendo or explanatory averments. As the value of the goods declared is the only way in which it is averred the insurance companies were to be affected by the receipt, if it would not be evidence, the raising of the value would not constitute proof to the prejudice of the insurance companies' rights, wherefore the crime of forgery is not made out by the averments, and the indictment should be quashed.

Our order will be to reverse the judgment below, set aside the verdict and discharge the prisoners from further prosecution.

*Reversed; Defendant discharged.*