354 S.E.2d 415

**STATE of West Virginia**

v.

**Laddie Dean NICHOLS.**

No. 17048.

Supreme Court of Appeals of West Virginia.

Feb. 25, 1987.

**484**

James W. Keenan, Keenan, Gallagher & Keenan, Fayetteville, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

NEELY, Justice:

Laddie Dean Nichols was convicted in the Circuit Court of Fayette County of uttering a forged writing, *videlicet*, a prescription, in violation of *W.Va.Code*, 61-4-5 [1961]. Mr. Nichols and an accomplice, Charles David Neal, were arrested in Oak Hill on 13 October 1983. The case was tried before a jury, and at the conclusion of the State's case the appellant unsuccessfully moved for a judgment of acquittal.

■ The appellant's principal contention on appeal is that the prosecution did not prove every material element of the offense. To sustain a conviction under *W.Va.Code*, 61-4-5 [1961], the prosecution must prove four elements: (1) the writing uttered was forged; (2) the accused uttered or attempted to employ as true the forged writing; (3) the accused knew the writing to be forged; and (4) the writing itself was of such a nature as to prejudice the legal rights of another. *State v. Talip*, 90 W.Va. 632, 111 S.E. 601 (1922); *State v. Lotono*, 62 W.Va. 310, 58 S.E. 621 (1907); *State v. Viquesney*, 103 W.Va. 392, 137 S.E. 538 (1927). The appellant contends that the prosecution failed to prove that the writing prejudiced the legal rights of another.[1]

The State argues that the person prejudiced by the actions of the appellant and his accomplice was Mr. Jim Backus, the pharmacist at the White Oak Drugstore in Oak Hill. Mr. Backus testified that he received fair market value for the drugs he sold to the appellant and his accomplice. Upon vouching the record, Mr. Backus tes-

tified that he was unaware of any civil, criminal, or administrative sanctions that could be applied to him as the result of his having unknowingly filled a forged prescription. Nor does the State direct us to any provision of the law that could subject Mr. Backus to civil, criminal or administrative sanctions as a result of having unknowingly filled a forged prescription.

■ "In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged." Syl. Pt. 4, *in part, State v. Pendry*, 159 W.Va. 738, 227 S.E.2d 210 (1976), *overruled, in part, on other grounds, Jones v. Warden, West Virginia Penitentiary*, 161 W.Va. 168, 241 S.E.2d 914 (1978). "Penal statutes must be strictly construed against the State and in favor of the defendant." Syl. Pt. 3, *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970). "Ambiguous penal statutes must be strictly construed against the State and in favor of the defendant." Syl. Pt. 1, *Myers v. Murensky*, 162 W.Va. 5, 245 S.E.2d 920 (1978).

■ In our opinion, the state did not carry its burden of proving beyond a reasonable doubt that the actions of the appellant and his accomplice prejudiced Mr. Backus' "rights" within any commonly understood meaning of that term. Accordingly, the trial judge erred in denying appellant's motion for a judgment of acquittal.

For the foregoing reasons, the judgment of the Circuit Court of Fayette County is reversed.

Reversed.

---

**1.** The appellant acknowledges that he could have been prosecuted under *W.Va.Code*, 60A-4-403(a)(3) [1971], which provides that it is unlawful for any person knowingly or willingly "to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." Nevertheless, for reasons not disclosed by the record, appellant was indicted only under *W.Va.Code*, 61-4-5 [1961].