358 S.E.2d 226

**STATE of West Virginia,**

v.

**Jerry Allen DEAL.**

**No. 17269.**

Supreme Court of Appeals of West Virginia.

May 27, 1987.

David Johnson, Asst. Atty. Gen., for appellant.

Scott S. Segal, Jeffrey V. Mehalic, Charleston, for appellee.

**PER CURIAM:**

This is an appeal by the appellant, Jerry Allen Deal, from a final order of the Circuit Court of Braxton County, entered June 24, 1985, which sentenced him to life imprisonment in the state penitentiary as an habitual offender following his conviction of possession of a controlled substance with intent to deliver, a felony. The appellant contends that the underlying felony conviction was invalid and that the imposition of a life sentence for recidivism was improper in this case. We find no error warranting reversal of the principal conviction, but we do find error in the enhanced sentence, and we remand the case for resentencing.

On February 8, 1984, police officers arrived at the appellant's residence in Sutton, Braxton County, to serve legal papers on the appellant and his wife, Mary Ellen Deal. Upon entering the residence, the officers detected a strong odor of burning marihuana. They subsequently obtained a warrant to search the house and seized a paper bag containing a total of 125.4 grams of marihuana, packaged in four smaller plastic bags, a number of empty plastic bags and a set of scales.

The appellant and his wife were subsequently indicted on charges of possession of a controlled substance with intent to deliver. Trial of both defendants began in the Circuit Court of Braxton County on January 16, 1985, and concluded the following day with the jury finding the appellant guilty of the felony charged in the indictment and his wife guilty of the misdemeanor offense of possession of a controlled substance.

After the jury returned its verdict, the State filed written information alleging that the appellant had twice before been convicted of felonies and seeking imposition of an enhanced sentence of life imprisonment under the habitual criminal statutes, W.Va.Code § 61-11-18 *et seq.* (1984 Replacement Vol.). On January 25, 1985, the appellant was brought before the circuit court to respond to the information but remained silent when asked to state whether he was the same person who had been

convicted of the prior offenses. Following a jury trial on the recidivist charge, conducted on April 11, 1985, the appellant was adjudged an habitual criminal and, by order entered June 24, 1985, was sentenced to life imprisonment in the state penitentiary. It is from this order that the appellant prosecutes this appeal.

### I.

The appellant first attacks the validity of his underlying conviction of possession of a controlled substance with intent to deliver. He assigns as error the giving of certain of the State's instructions which he contends relieved the prosecution of its burden of proving beyond a reasonable doubt the essential elements of the offense charged.

 Considered separately, there is some merit in the appellant's contention that these instructions are erroneous. For example, State's Instruction No. 2 provided: "The Court instructs the jury that the owners and occupants of a dwelling are deemed to be in constructive possession of the house and all of its contents." We have, however, rejected the theory that constructive possession of a controlled substance may be presumed from the mere presence of that substance on premises owned or occupied by the accused. *State v. Dudick*, 158 W.Va. 629, 213 S.E.2d 458 (1975). *See also State v. Rector*, 167 W.Va. 748, 280 S.E.2d 597 (1981). In order to show constructive possession in such circumstances, "the State must prove beyond a reasonable doubt that the defendant had knowledge of the controlled substance and that it was subject to defendant's dominion and control." Syllabus point 4, in part, *State v. Dudick, supra*. *See also State v. Underwood*, 168 W.Va. 52, 281 S.E.2d 491 (1981). To the extent that State's Instruction No. 2 fails to advise the jury of this requirement, it is erroneous.

 It is abundantly clear, however, that the prosecution's burden of showing the appellant's knowledge of and control over

the marihuana was addressed by State's Instruction No. 4,[1] as well as by other instructions offered by counsel for Mrs. Deal. Similarly, the other omissions in the State's instructions cited by the appellant as error were adequately covered in other instructions or in the trial court's charge to the jury.

The well-settled rule in this regard was stated in syllabus point 6 of *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976): "When instructions are read as a whole and adequately advise the jury of all necessary elements for their consideration, the fact that a single instruction is incomplete or lacks a particular element will not constitute grounds for disturbing a jury verdict." We believe the instructions in this case, when taken as a whole, adequately advised the jury of the State's burden of proving the essential elements of the offense charged. Accordingly, we find no reversible error in the giving of the State's instructions.

The true tenor of the appellant's challenge to his conviction is that the evidence was not sufficient to show intent to deliver.

"The question of whether a person possesses a controlled substance with intent to manufacture or deliver is a jury question to be determined like other questions of intent from all the surrounding facts and circumstances, and as such intent is a basic element of the offense, it must be proven beyond a reasonable doubt." Syllabus Point 3, *State v. Frisby*, 161 W.Va. 734, 245 S.E.2d 622 (1978).

Syllabus point 6, *State v. Walls*, 170 W.Va. 419, 294 S.E.2d 272 (1982). We have also recognized, however, that

"[m]ost courts have held that possession with intent to deliver a controlled substance can be proven by establishing a number of circumstances, among which are the quantity of the controlled substance possessed and the presence of other paraphernalia customarily used in the

---

1. State's Instruction NO. 4 reads:

The Court instructs the jury that the offense of possession of a controlled substance with intent to deliver, includes constructive posses-

sion, if the State proves beyond a reasonable doubt that the Defendants had knowledge of the controlled substances and that it was subject to the Defendants' dominion and control.

packaging and delivery of controlled substances." Syllabus Point 4, *State v. Drake*, 170 W.Va. 169, 291 S.E.2d 484 (1982).

*Id.*, at syllabus point 7.

█ The evidence in this case was sufficient to show that the appellant was in possession of the marihuana and of paraphernalia customarily used in the packaging and delivery of that substance. The appellant contends, however, that the quantity of marihuana in this case was too small to give rise to an inference of intent to deliver.

This argument is clearly without merit. In *State v. Drake, supra*, we held that possession of a lesser quantity of marihuana than that found in this appellant's home was sufficient to support a conviction for possession with intent to deliver. The jury here was instructed to find the appellant not guilty of the felony offense if they believed the marihuana was for his own personal use. The jurors evidently did not believe this argument, and we cannot say, as a matter of law, that their finding was wrong. Accordingly, we find no basis for reversing the appellant's conviction of possession of a controlled substance with intent to deliver.

## II.

The appellant next contends that the sentence of life imprisonment was void because trial on the habitual criminal charge was not conducted at the same term of court as his principal conviction. The appellant was convicted of the substantive offense at the October 1984 term of court. Although the habitual criminal information was filed and the appellant was brought into court to respond to it before the end of that term of court on January 31, 1985, trial on the information was not conducted until the February 1985 term of court.

W.Va.Code § 61–11–19 which sets forth the procedures governing habitual criminal proceedings, provides, in pertinent part:

It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. *Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records.* (Emphasis added)

It is well-settled that the provisions of this statute are mandatory and must be complied with fully before an enhanced sentence for recidivism may be imposed under W.Va.Code § 61–11–18. *See, e.g., Justice v. Hedrick*, 177 W.Va. 53, 350 S.E.2d 565 (1986); *State ex rel. Ringer v. Boles*, 151 W.Va. 864, 157 S.E.2d 554 (1967); *State ex rel. Nutter v. Boles*, 150 W.Va. 93, 144 S.E.2d 238 (1965). Accordingly, we have held that

" '[a] person convicted of a felony cannot be sentenced under the habitual criminal statute, Code, 61–11–19, unless there is filed by the prosecuting attorney with the court at the same term, and before sentencing, an information as to the prior conviction or convictions and for the purpose of identification the defendant is confronted with the facts charged in the information and cautioned as required by the statute.' Point 3, syllabus, *State ex rel. Housdon v. Adams*, 143 W.Va. 601 [103 S.E.2d 873 (1958) ]." Syllabus Point 3, *State ex rel. Beckett v. Boles*, 149 W.Va. 112, 138 S.E.2d 851 (1964).

Syllabus point 1, *State ex rel. Young v. Morgan*, 173 W.Va. 452, 317 S.E.2d 812 (1984). *See also State ex rel. Albright v. Boles*, 149 W.Va. 561, 142 S.E.2d 725

(1965); *State ex rel. Foster v. Boles,* 147 W.Va. 655, 130 S.E.2d 111 (1963).

We have never before, however, addressed the question of whether trial on the issue of identity must be held at the same term of court in which the principal conviction was obtained where the defendant, when confronted with the information, denies that he is the same person previously convicted or stands silent. W.Va.Code § 61–11–19, while specific as to the time in which the information must be filed and the person named therein must be brought to answer, is silent as to the time at which trial on the information must be had.

In *State ex rel. Housdon v. Adams, supra,* the Court noted that confrontation of the defendant with the information was

> for the purpose of identifying the convicted person with the person so previously convicted, either by his admission *or for the purpose of determining such fact later by a jury finding. There is no provision in such section requiring the other steps such as sentencing at that term, as these, we think, could be had at some subsequent term within a reasonable time.* (Emphasis added) 143 W.Va. at 606–607, 103 S.E.2d at 876.

Later, the Court further stated: "The procedures required for the filing of the information and the identification, *if then possible,* of the convicted person, as hereinabove discussed, may be properly carried out at the same term in which the person was convicted...." (Emphasis added) 143 W.Va. at 607, 103 S.E.2d at 877.

In *Patterson v. Boles,* 276 F.Supp. 735 (N.D.W.Va.1967), the District Court relied upon this language as authority for the proposition that the identification of the person named in the information, which is the subject of the jury trial under W.Va. Code § 61–11–19, could be delayed until a subsequent term of court.

> While one could argue that the term requirements ... carries [*sic*] forward, by implication, to the next sentence, this

Court does not believe that this is the correct interpretation. The reasons that require an information to be filed within the same term of court as conviction on the principal charge would not appear to exist for the jury determination under the Habitual Criminal Act information. In addition, there may be good administrative reasons for not having the jury trial at the same term. It should be noted most strongly that it may be to the defendant's advantage to have an entirely new panel of jurors hear the case on the recidivist information, rather than utilize any members of the panel of jurors who convicted him of the substantive offense.[2] 276 F.Supp. at 737.

■ After carefully reviewing the language of the statute, we are inclined to agree with the District Court that where an habitual criminal information is filed and the defendant is confronted with the contents thereof prior to the expiration of the term at which the principal conviction was obtained, W.Va.Code § 61–11–19 does not prohibit trial upon the information at a subsequent term of court within a reasonable time. There was no showing here that the trial was not conducted within a reasonable time after the filing of the information. Accordingly, we find no error in the imposition of the recidivist sentence on this ground.

### III.

The appellant's final assignment of error is that the recidivist sentence imposed by the trial court is disproportionate to the severity of the offenses for which he was convicted. The habitual criminal proceedings here were based upon a 1969 conviction of unlawful wounding, a 1971 conviction of grand larceny and the 1985 conviction of possession of a controlled substance with intent to deliver.

■ In *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981), we recognized that Article III, Section 5 of our

---

**2.** The court in *Patterson* also noted, however, that trial on the information during the same term of court did not amount to a deprivation

of constitutional rights. *See Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

state constitution contains an express requirement of proportionality in sentencing which mandates a stricter review of recidivist sentencing than that required by the United States Supreme Court under federal constitutional principles. *But see Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The standard for reviewing a life recidivist sentence was stated in syllabus point 7 of *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981):

> The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.

Although sole emphasis cannot be placed on the character of the final felony, it is entitled to closer scrutiny than the other convictions, "since it provides the ultimate nexus to the sentence." *Wanstreet v. Bordenkircher, supra*, 166 W.Va. at 534, 276 S.E.2d at 212.[3]

 Upon the facts of this case, we conclude that the life sentence imposed for recidivism was disproportionate to the offenses upon which it was based. The appellant's most recent conviction involved no violence or threat of violence to the person. He did have one previous conviction of a violent felony in 1969. The record, however, shows that in the 16 years that followed, the appellant demonstrated no propensity toward violent or severe crimes. We do not believe the facts in this case warranted imposition of the ultimate punishment available in this jurisdiction. Ac-

cordingly, we reverse the judgment of the circuit court on the ground of disproportionality of sentence.

For the reasons stated herein, we find no error in the appellant's underlying conviction of possession of a controlled substance with intent to deliver, but we reverse the judgment of the Circuit Court of Braxton County insofar as it imposes a life sentence for recidivism and remand the case to that court for resentencing.

Affirmed, in part; reversed, in part, and remanded.

---

**3.** In *Wanstreet*, we held that the proportionality of a sentence was to be determined by consideration of four factors: "the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same juris-

diction." Syllabus point 5, in part. With respect to a life sentence imposed under the habitual criminal statutes, we discussed the last three of these factors at length in *Wanstreet*. The key inquiry here, therefore, is the nature of the offenses.