359 S.E.2d 581

STATE of West Virginia

v.

Thomas Ronald CAIN.

No. 17024.

Supreme Court of Appeals of West Virginia.

July 17, 1987.

Charles G. Brown, Atty. Gen., Bethany Boyd, and Mary Rich Maloy, Asst. Attys. Gen., for appellant.

Harry A. Smith, III, Elkins, for appellee.

McHUGH, Justice:

This case is before this Court upon the appeal of Thomas Cain. It arises from an order of the Circuit Court of Randolph County in which the appellant was sentenced to life imprisonment pursuant to the West Virginia habitual criminal statute, *W. Va. Code*, 61-11-18, -19 [1943].

## I

During the January, 1984 term of the Circuit Court of Randolph County, the appellant was convicted by a jury of breaking and entering a drug store. Before expiration of the term of court at which the appellant had been convicted, the prosecuting attorney filed a recidivist information with the court, pursuant to *W. Va. Code*, 61-11-19 [1943], charging that the appellant had two prior felony convictions. The information charged that the appellant had been convicted of breaking and entering in 1961, when he was 16 years old and sentenced to confinement in the West Virginia Penitentiary for a term of not less than one nor more than ten years. It further charged that the appellant had been convicted of another breaking and entering offense in 1979 and sentenced to confinement at the West Virginia State Penitentiary for a term of not less than one nor more than fifteen years. Subsequently, on September 4, 1984, during the following term of court,[1] the prosecuting attorney filed an "amended information" charging that the appellant had been convicted of a fourth breaking and entering offense in 1971 and had been sentenced to confinement in the West Virginia State Penitentiary for that conviction for a term of not less than one nor more than ten years.

At a hearing held pursuant to his request, the appellant challenged the untimely filing of the amended information as well as the State's use of a prior conviction that had occurred when the appellant was

1. The April term of court for the Circuit Court of Randolph County commences on the third Tuesday in April. The September term of court does not commence until the third Tuesday of September. *See W. Va. Code*, 51-2-1t [1977].

16 years old.[2]

A few days later, the appellant's recidivist trial began. On motion for directed verdict, the appellant contended that his 1961 breaking and entering conviction was invalid because it is ineffective assistance of counsel to have a case disposition, whether it be by plea or trial, within twenty-four hours of appointment. The evidence adduced at the recidivist trial concerning the 1961 conviction revealed that within one day the appellant had counsel appointed to represent him, entered a plea of guilty to the felony indictment, and was sentenced to a State forestry camp for a period of not less than one nor more than two years.[3] The motion for directed verdict was overruled by the trial court. The jury found that the appellant was the same person convicted of the prior felonies charged in the information.

Subsequently, the appellant moved for a judgment of acquittal and for a new trial, challenging the validity of the 1961 conviction as well as the untimely filing of the amended information. The trial court ruled that the validity of an underlying conviction should be attacked by a petition of habeas corpus and could not be raised in the recidivist proceeding and concluded that the filing of the amended information in the term court subsequent to the term in which the appellant was convicted was not prohibited by law.[4] The trial court,

therefore, denied both of the appellant's motions.

II

The text of *W. Va. Code*, 61–11–19 [1943], provides in pertinent part:

It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, *before expiration of the term at which such person was convicted,* cause such person or prisoner to be brought before it and upon an information filed by the prosecuting attorney.

(emphasis added).

The first issue before us is whether a defendant convicted of a felony may be sentenced under the habitual criminal statute, *W. Va. Code*, 61–11–18, –19 [1943], when the prosecuting attorney files an amended recidivist information, subsequent to the term of court at which the defendant was convicted and that amendment adds an additional conviction to those which had been previously set forth by the State in the original information.[5]

The appellant contends that *W. Va. Code*, 61–11–19 [1943], clearly mandates that in order to effect an enhancement of a

2. The appellant had, prior to this conviction, been transferred to adult status.

3. Due to the appellant's age at the time of the 1961 offense, the criminal court of the county in which he had been indicted certified the case to its juvenile court. Upon the State's motion, the case was recertified to the criminal court where the appellant was prosecuted and tried as an adult.

The appellant was initially sentenced to a state forestry camp for a period of not less than one nor more than two years but was released after approximately six months and sent back to criminal court for further proceedings. He was then placed on probation pending a further order of the court.

Subsequently, in 1965, a hearing was held regarding the appellant's probation, and his probation was revoked. The court then sentenced him to the penitentiary for not less than one nor

more than ten years for the 1961 breaking and entering conviction with credit for the time he had served both in jail and in the forestry camp.

4. Although by far the most common procedure by which to challenge an underlying conviction used for recidivist purposes is a petition for habeas corpus, a defendant is not precluded from challenging the validity of his prior conviction or convictions during his recidivist trial and on subsequent appeal to this Court. *See, e.g., State v. McMannis,* 161 W.Va. 437, 242 S.E.2d 571 (1978).

5. We note that the prosecuting attorney filed a second amended information in this case on September 7, 1984, subsequent to the term of court at which the appellant was convicted. However, the changes made in this information were not material and are not of paramount concern in the case before us.

convicted defendant's sentence, a prosecuting attorney must give to the court "immediately upon conviction," information as to the defendant's former penitentiary offenses. The appellant asserts that the statute requires that the convicted person shall be brought before the court before the expiration of the term at which the person was convicted in order to answer to the charges contained in the recidivist information.

The State maintains that although *W. Va. Code*, 61–11–19 [1943], does not specifically address the issue of amending an information, the statute does not prohibit the amendment of the information nor does it bar holding the recidivist trial in the next term of court.

The jurisdiction of a trial court to sentence to further confinement in the penitentiary a person who is convicted of an offense which is punishable by confinement in the penitentiary is derived from *W. Va. Code*, 61–11–18 [1943] [6] and *W. Va. Code*, 61–11–19 [1943].

It is well established in this State that the provisions of *W. Va. Code*, 61–11–19 [1943], including the requirement that the defendant, before he acknowledges his identity as the person who has been previously convicted, must be duly cautioned, are mandatory and must be complied with fully for the imposition of a valid sentence of further confinement under the statute. *State ex rel. Beckett v. Boles*, 149 W.Va. 112, 118, 138 S.E.2d 851, 855 (1964), and cases cited therein; *see also State v. Deal*, 178 W.Va. 142, 358 S.E.2d 226, 229 (1987).

In *State ex rel. Housden v. Adams*, 143 W.Va. 601, 103 S.E.2d 873 (1958), this Court had occasion to interpret the statute now before us: *W. Va. Code*, 61–11–19. In *Housden*, the petitioner had been convicted

of a criminal offense punishable by confinement in the penitentiary in one term of court and in a subsequent term of court, he was charged and sentenced pursuant to the habitual criminal statute. This Court concluded that the prosecuting attorney did not comply with the plain and unambiguous provisions of *W. Va. Code*, 61–11–19 [1943], when he failed to file the petitioner's recidivist information during the same term of court at which the petitioner was convicted. 143 W.Va. at 606, 103 S.E.2d at 876.

In syllabus point 3 of *Housden*, this Court established the following rule of law with regard to the filing of a recidivist information pursuant to *W. Va. Code*, 61–11–19 [1943]:

A person convicted of a felony cannot be sentenced under the habitual criminal statute, Code 61–11–19, unless there is filed by the prosecuting attorney with the court at the same term, and before sentencing, an information as to the prior conviction or convictions and for the purpose of identification the defendant is confronted with the facts charged in the information and cautioned as required by statute.

*See also State v. Deal*, supra; syl. pt. 1, *State ex rel. Young v. Morgan*, 173 W.Va. 452, 317 S.E.2d 812 (1984); syl. pt. 3, *State ex rel. Beckett v. Boles*, 149 W.Va. 112, 138 S.E.2d 851 (1964); syl. pt. 1, *State ex rel. Foster v. Boles*, 147 W.Va. 655, 130 S.E.2d 111 (1963).

Although the facts in the case before us are distinguishable from the cases above in that the prosecuting attorney in this case did file a recidivist information pursuant to *W. Va. Code*, 61–11–19, during the term at which the appellant was convicted, it is important to note that in the case before us, the prosecuting attorney also filed a crucial amendment to the information *sub-*

---

6. *W. Va. Code*, 61–11–18 [1943] provides:

When any person is convicted of an offense and is subject to confinement in the penitiary therefor, and it is determined, . . ., that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for

which the person is or would be otherwise sentenced. . . .

When it is determined, . . ., that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

*sequent* to the term at which the appellant was convicted. That amendment charged the appellant with an additional offense with which he had not been confronted during the term of court at which he was convicted. We noted in *State ex rel. Housden v. Adams,* 143 W.Va. 601, 606, 103 S.E.2d 873, 876 (1958), that although procedural steps relating to sentencing and other matters may be completed at a subsequent term of court, "if the habitual criminal statute is sought to be enforced, the [complete] information must be given and the convicted person confronted with the charge of previous convictions 'before the expiration of the term at which such person was convicted.' " [7]

An important principle applicable in the case before us is that criminal statutes require a strict construction. "Penal statutes must be strictly construed against the State and in favor of the defendant." Syl. pt. 3, *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970). *Accord* syl. pt. 2, *State v. Brumfield,* 178 W.Va. 240, 358 S.E.2d 801 (1987); syl. pt. 3, *State v. Nichols,* 177 W.Va. 483, 354 S.E.2d 415 (1987); syl. pt. 1, *State v. Turley,* 177 W.Va. 69, 350 S.E.2d 696 (1986). Moreover, being in derogation of the common law, *W.Va.Code,* 61–11–18 and –19 [1943] require a strict construction in favor of the prisoner. *See* syl. pt. 2, *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981), *quoting State ex rel. Ringer v. Boles,* 151 W.Va. 864, 871, 157 S.E.2d 554, 558 (1967); *see also* syl. pt. 1, *Justice v. Hedrick,* 177 W.Va. 53, 350 S.E.2d 565 (1986); *Turner v. Holland,* 175 W.Va. 202, 203–04, 332 S.E.2d 164, 165–66 (1985). In a similar vein, this Court in *Myers v. Murensky,* 162 W.Va. 5, 9, 245 S.E.2d 920, 922 (1978) *overruled on another point,* syl. pt. 2, *State v. Myers,* 171 W.Va. 277, 298 S.E.2d 813 (1982), noted that " 'it is a general rule that a penal statute will not be extended by construction, but must be limited to cases clearly within its language

and spirit.' Syl. pt. [1], *State v. Larkin,* 107 W.Va. 580, 149 S.E. 667 (1929)."

We note that *W.Va.Code,* 61–11–19 [1943] does not explicitly prohibit a prosecuting attorney from filing an amendment or amendments to a recidivist information subsequent to the term at which a defendant was convicted and the original information was filed. However, to hold that a prosecuting attorney may file amendments to that information subsequent to the term at which the defendant was convicted would deprive the defendant of his right to confront all the charges against him, particularly when the sole reason for the amendment is to add another offense. *See Patterson v. Boles,* 276 F.Supp. 735 (N.D.W.Va.1967) (*W.Va.Code,* 61–11–19 [1943] not complied with when information is filed during same term as the conviction, but prisoner is not confronted with the change until a subsequent term of court). In addition, such a holding would ignore the mandatory language as well as the spirit of the recidivist provisions embodied in *W.Va.Code,* 61–11–19. Furthermore, there is strong precedent in this State as evidenced by *Housden* and its progeny for holding that amendments to a recidivist information, which in essence constitute the complete information, must be filed "before expiration of the term at which [a defendant] was convicted."

Accordingly, we conclude that a person convicted of a felony may not be sentenced pursuant to *W.Va.Code,* 61–11–18, –19 [1943], unless a recidivist information and any or all material amendments thereto as to the person's prior conviction or convictions are filed by the prosecuting attorney with the court before expiration of the term at which such person was convicted, so that such person is confronted with the facts charged in the entire information, including any or all material amendments thereto. *W.Va.Code,* 61–11–19 [1943]. Thus, the amendment to the information filed on September 4, 1984, charging the

---

7. Recently, in *State v. Deal,* 178 W.Va. 142, 358 S.E.2d 226, 230 (1987), we noted that where a recidivist information is filed and the defendant is confronted with the contents thereof prior to the expiration of the term at which the principal

conviction was obtained, *W.Va.Code,* 61–11–19 [1943] does not prohibit trial upon the information at a subsequent term of court within a reasonable time. *See also Patterson v. Boles,* 276 F.Supp. 735 (N.D.W.Va.1967).

appellant with the 1971 breaking and entering offense is invalid.

### III

The second issue before us is whether the appellant's 1961 breaking and entering conviction is void and should not then support his recidivist conviction because he was denied effective assistance of counsel.

The appellant contends that because his appointment of counsel and entry of a guilty plea to the felony indictment occurred during an interval of one day or less, a presumption that he was denied effective assistance of counsel has been raised. We agree.

In syllabus point 1 of *Housden v. Leverette*, 161 W.Va. 324, 241 S.E.2d 810 (1978), this Court adopted the well-established rule of the United States Court of Appeals for the Fourth Circuit that "[a]n interval of one day or less between the appointment of counsel and trial or the entry of a guilty plea raises a rebuttable presumption that the defendant was denied effective assistance of counsel and shifts the burden of persuasion to the state." (collecting federal cases at 161 W.Va. at 326, 241 S.E.2d at 811). *Accord State v. Morris*, 166 W.Va. 811, 814, 277 S.E.2d 638, 639 (1981); *State ex rel. Rogers v. Casey*, 166 W.Va. 179, 183, 273 S.E.2d 356, 359 (1980); *State v. Bush*, 163 W.Va. 168, 174, 255 S.E.2d 539, 543 (1979). *See also State v. Demastus*, 165 W.Va. 572, 578, 270 S.E.2d 649, 654 (1980).[8] In syllabus point 2 of *Housden v. Leverette, supra*, we further held that "[w]here the presumption of ineffective assistance of counsel is rebutted by evidence from any source, the presumption vanishes completely and disappears as a rule of law."

The right of an accused to the effective assistance of counsel is a fundamental right, the denial of which constitutes a violation of both the state and federal constitutions. *W.Va. Const.* art. III, § 14; *U.S. Const.* amend. 6. *State v. Thomas*, 157 W.Va. 640, 662, 203 S.E.2d 445, 459 (1974). *See, e.g., State v. Glover*, 177 W.Va. 650, 653, 355 S.E.2d 631, 634 (1987) (collecting cases 177 W.Va. at 653, n. 3, 355 S.E.2d at 634 n. 3).

The right to effective assistance of counsel is essential to a fair trial and guarantees the timely and operative appointment of counsel as well as the right to assistance of counsel whose quality of performance does not fall below a certain minimum level. *State v. Thomas*, 157 W.Va. at 662, 663–64, 203 S.E.2d at 459, 460 (1974). Perfunctory procedures through which an accused can be shuffled through the judicial system by having his or her counsel appointed and a guilty plea entered within an interval of one day, are precisely the procedures this Court deplored in *Housden v. Leverette*. This procedure undoubtedly impairs the truth-finding function of the criminal process and "raises serious questions about the accuracy" of the guilty pleas entered. *See Bowman v. Leverette*, 169 W.Va. 589, 605, 289 S.E.2d 435, 444 (1982), *quoting Hankerson v. North Carolina*, 432 U.S. 233, 243, 97 S.Ct. 2339, 2345, 53 L.Ed.2d 306, 316 (1977).

In *Housden v. Leverette*, a convicted felon had counsel appointed on one day and entered a guilty plea the following day. This Court concluded that the presumption of ineffective assistance of counsel had not been rebutted and that the conviction could not serve as a basis for application of the recidivist statute. The

---

**8.** The State argues that the rebuttable presumption rule adopted by the Court in *Housden v. Leverette* in 1978 should not be applied retroactively to the case now before us. The State further maintains that the guilty plea entered by the appellant was entered in accordance with the criminal procedure in effect at that time.

The right to effective assistance of counsel is so fundamental that the State's contention as to whether the doctrine established in *Housden v. Leverette* should be afforded full retroactivity merits no discussion. Moreover, even if we

were to accept the State's argument that the rebuttable presumption rule regarding ineffective assistance of counsel should not be given complete retroactive effect, the appellant clearly has federal habeas corpus relief available in the Fourth Circuit. *See, e.g., Hart v. Coiner*, 483 F.2d 136, 138 n. 2 (4th Cir.1973) *cert. denied* 415 U.S. 983, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974); *Stokes v. Peyton*, 437 F.2d 131, 136 (4th Cir. 1970) (rebuttable presumption rule applicable to retained counsel as well); *Twiford v. Peyton*, 372 F.2d 670, 673 (4th Cir.1967).

defendant's 1962 conviction was held by the court to be void, and the Court determined that it could not serve as a basis for a recidivist charge. Clearly, the Court in *Housden v. Leverette* indicated its disapproval of the perfunctory procedure utilized in obtaining the defendant's conviction.

The facts in the case before us are even more egregious. Within the space of one court day, the appellant, as a sixteen-year-old juvenile, asked for counsel, had counsel appointed, had his case transferred to juvenile court and subsequently returned to adult criminal court to be tried as an adult, entered a plea of guilty and was sentenced. Importantly, no evidence was presented at the appellant's trial to rebut the presumption of ineffective assistance of counsel. Although the State contends that such a practice was in accordance with the procedures in criminal court at that time, it is that very practice that this Court condemned in *Housden v. Leverette.* The very purpose of the rebuttable presumption rule is to safeguard the constitutional rights of criminal defendants by creating a rebuttable presumption that such perfunctory procedures constitute ineffective assistance of counsel.

Because the appellant was denied effective assistance of counsel, the trial court lacked jurisdiction to enter a valid judgment of conviction and such judgment as entered is void. Syl. pt. 3, *Housden v. Leverette,* 161 W.Va. 324, 241 S.E.2d 810 (1978); *see also* syl. pt. 25, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974). Accordingly, such judgment cannot serve as a foundation for the application of the recidivist statute. Syl. pt. 1, *State ex rel. Johnson v. Boles,* 151 W.Va. 224, 151 S.E.2d 213 (1966); syl. pt. 2, *State ex rel. Widmyer v. Boles,* 150 W.Va. 109, 144 S.E.2d 322 (1965), and the cases cited therein. Therefore, the sentence of life imprisonment imposed upon the appellant pursuant to the recidivist statute is invalid.

The validity of the appellant's 1979 breaking and entering conviction was not challenged in this appeal.[9] Because we are of the opinion that there was sufficient evidence before the jury to convict the appellant on the principal offense of breaking and entering, the Circuit Court of Randolph County was authorized to validly impose a sentence of not less than one nor more than ten years for the principal offense pursuant to *W.Va.Code,* 61-3-12 [1931]. In addition, the trial court was authorized to add five years to the maximum term of the indeterminate sentence based on the appellant's previous 1979 conviction for a crime punishable by imprisonment in the penitentiary under *W.Va.Code,* 61-11-19 [1943]. Thus, the sentence authorized by law was for an indeterminate period of one to fifteen years. *See, e.g., Housden v. Leverette,* 161 W.Va. at 328-29, 241 S.E.2d at 813.

For the foregoing reasons, the judgment of the Circuit Court of Randolph County is reversed and the matter is remanded for resentencing.

Reversed and remanded.

---

**9.** We note, however, that the appellant contends that the evidence regarding all charges at the recidivist trial was insufficient to support the jury's verdict.