# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 16-0791** (Cabell County 94-F-153)

**James Crabtree,**
**Defendant Below, Petitioner**

**FILED**

**October 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Crabtree, pro se, appeals the July 29, 2016, order of the Circuit Court of Cabell County denying his motion for correction of illegal sentence. Respondent the State of West Virginia ("the State"), by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In *State v. Crabtree*, 198 W.Va. 620, 625, 482 S.E.2d 605, 610 (1996), this Court affirmed petitioner's life sentence of incarceration pursuant to the West Virginia Habitual Criminal Statute, West Virginia Code §§ 61-11-18 to -19, based on a recidivist information filed by the State following his conviction for malicious wounding. The recidivist information alleged that petitioner had been twice convicted of prior felonies as required by West Virginia Code § 61-11-18(c). 198 W.Va. at 634, 482 S.E.2d at 619 (finding that the requisite number of felonies had been alleged). However, the State had to amend the recidivist information to correctly reflect that one of the prior felony convictions was a lesser included offense of the charge originally alleged. *Id.* The circuit court allowed the amendment, finding that it corrected a mere typographical error and did not constitute "a material change." *Id.* On appeal in *Crabtree*, petitioner argued that his recidivist life sentence was void because of the amendment; however, this Court rejected petitioner's argument and concurred with the circuit court characterization of the amendment as immaterial. *Id.* at 633-34, 482 S.E.2d at 618-19.

1

On January 29, 2016, petitioner filed a motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[1] In his motion, petitioner contended that his recidivist life sentence was void because the State's amendment to the recidivist information constituted a material change. The circuit court denied petitioner's motion by order entered on July 29, 2016, finding that the issue of the amended recidivist information was fully and finally adjudicated by this Court's decision in *Crabtree*.

Petitioner appeals from the circuit court's July 29, 2016, order denying his Rule 35(a) motion for correction of illegal sentence. In syllabus point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

In syllabus point 9 of *Crabtree*, we held as follows:

> "A person convicted of a felony may not be sentenced pursuant to W. Va. Code, 61-11-18, -19 [1943], unless a recidivist information and any or all material amendments thereto as to the person's prior conviction or convictions are filed by the prosecuting attorney with the court before expiration of the term at which such person was convicted, so that such person is confronted with the facts charged in the entire information, including any or all material amendments thereto. W. Va. Code, 61-11-19 [1943]." Syl. Pt. 1, *State v. Cain*, 178 W.Va. 353, 359 S.E.2d 581 (1987).

198 W.Va. at 623-4, 482 S.E.2d at 608-9.

On appeal, petitioner contends that we should revisit the decision in *Crabtree* in light of our recent holding in syllabus point of 1, *Holcomb v. Ballard*, 232 W.Va. 253, 752 S.E.2d 284 (2013), that the procedural requirements of West Virginia Code § 61-11-19 "are mandatory, jurisdictional, and not subject to harmless error analysis."[2] The State counters that the issue of the amended recidivist information was fully and finally adjudicated in *Crabtree*. *See* Syl. Pt. 3, *In Re Name Change of Jenna A.J.*, 234 W.Va. 271, 765 S.E.2d 160 (2014) (holding that, "when a question has been definitely determined by this Court[,] its decision is conclusive on parties,

---

[1]Rule 35(a) provides that an illegal sentence may be corrected at any time.

[2]West Virginia Code § 61-11-18 contains the Habitual Criminal Statute's substantive provisions. West Virginia Code § 61-11-19 sets forth the procedural requirements for imposing a recidivist sentence.

privies and courts, including this Court, upon a second appeal") (internal quotations and citations omitted). The State further argues that petitioner's reliance on *Holcomb* is simply misplaced. We agree with the State.

In *Cain*, we found that an amendment adding a felony offense constituted a material change to a recidivist information that must be made in the same term as the defendant was convicted of the triggering offense. 178 W.Va. at 357-58, 359 S.E.2d at 585-86. In *Crabtree*, we distinguished *Cain* on the basis that "there was no new offense added" by the amendment to the recidivist information in this case. 198 W.Va. at 634, 482 S.E.2d at 619. We explained in *Crabtree* that "the listed offense of 'breaking and entering' was merely changed to reflect the correct conviction of the lesser offense of 'entering without breaking.'" *Id.* Thus, we concurred with the circuit court's finding that the amendment "was not a material change" and concluded that there was no error at all. *Id.* Therefore, we find that our decision in *Crabtree* regarding the amended recidivist information, which fully and finally adjudicated that issue, was not based on the harmless error doctrine.[3] Accordingly, we conclude that the circuit court properly denied petitioner's Rule 35(a) motion.[4]

For the foregoing reasons, we affirm the circuit court's July 29, 2016, order denying petitioner's Rule 35(a) motion for correction of illegal sentence.

Affirmed.

**ISSUED**:   October 13, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]We did discuss the harmless error doctrine in *Crabtree*; however, contrary to petitioner's contention that discussion was not part of our analysis of the amended recidivist information. *See id.* at 633-34, 482 S.E.2d at 618-19.

[4]On appeal, petitioner raises other issues in addition to the amended recidivist information. Upon our review of petitioner's Rule 35(a) motion, we concur with the circuit court's finding that the amended recidivist information was the motion's "sole basis" and decline to address issues not presented to the circuit court. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").