# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

James Cross Jr.,
**Petitioner Below, Petitioner**

**vs.)  No. 16-1093** (Berkeley County 15-C-534)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Cross Jr., by counsel Douglas F. Kobayashi, appeals the Circuit Court of Berkeley County's October 27, 2016, order denying his amended petition for writ of habeas corpus. Respondent Karen Pszczolkowski, Warden of Northern Correctional Facility, by counsel Cheryl K. Saville, filed a response and supplemental appendix. Petitioner filed a reply. Following appointment of counsel to assist with his appeal, petitioner filed a supplemental brief, and respondent filed a supplemental response. On appeal, petitioner argues that his recidivist life sentence is void due to the circuit court's failure to "duly caution" him in accordance with West Virginia Code § 61-11-19.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, petitioner was convicted of second-degree murder, attempted second-degree murder, and malicious assault. Following these convictions, the State filed a recidivist information seeking to enhance petitioner's malicious assault sentence to a life sentenced based upon two prior separate felony convictions.

On August 27, 2012, petitioner was arraigned on the recidivist information. At his arraignment, the following exchange occurred:

>    THE COURT: I then received – so with the motion denied, the State has filed an information –
>
>    MR. PREZIOSO [petitioner's trial counsel]: That's correct judge.

THE COURT: - charging your client with having been twice convicted previously with a felony prior to this conviction, therefore, they intend to request that sentencing be done as a recidivist exposing him to life imprisonment. Have you had a chance to review that with your client?

MR. PREZIOSO: Yes, Your Honor. I've received a copy of it. I sent a copy of it to my client. I've reviewed it with my client. I spoke to him at length and we had a lot prepared for sentencing today but I'm assuming the [c]ourt is going to probably defer until after recidivist.

We are remaining silent. We are not – I've reviewed the information with him. We waive reading in open court but we are remaining silent pursuant to 61-11-19 and ask that a jury trial be set.

THE COURT: Mr. Cross, your attorney indicates that he has reviewed with you the recidivist information filed by the State alleging that you were twice before convicted of a felony offense prior to this felony conviction. As Mr. Prezioso pointed out, you can remain silent in the matter but the law requires that I inquire of you as to whether or not you are, in fact, the same individual that was named in the information.

MR. PREZIOSO: Your Honor, he's going to remain silent.

THE COURT: Okay. That's kind of funny under the law we say you remain silent but you have to say I remain silent.

So you wish to not plead to that now; is that correct?

DEFENDANT: Yes, sir.

On October 23, 2012, a recidivist trial was held, and the jury found that petitioner was the same person who previously committed the two felonies alleged in the recidivist information. On December 3, 2012, petitioner was sentenced to life in prison with the possibility of parole based upon his status as a habitual offender for his malicious assault conviction, forty years of incarceration for his second-degree murder conviction, and one to three years of incarceration for his attempted second-degree murder conviction. The sentences were ordered to run consecutively. This Court affirmed petitioner's sentences following his direct appeal. *See State v. Cross*, No. 13-0260, 2013 WL 5966968 (W.Va. Nov. 8, 2013)(memorandum decision).

Petitioner thereafter filed a petition for writ of habeas corpus. Following appointment of counsel, petitioner filed an amended petition on August 31, 2016. In his amended petition, petitioner alleged that the trial court was without jurisdiction to impose a recidivist life sentence due to its failure to comply with the mandatory requirements of the recidivist statute, West Virginia Code § 61-11-19. Specifically, petitioner maintained that he was not "duly cautioned," as required by the statute. On October 27, 2016, the circuit court denied petitioner's amended petition. It is from this order that petitioner appeals.

2

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that he was not "duly cautioned" in accordance with the requirements of West Virginia Code § 61-11-19, which deprived the circuit court of jurisdiction to impose his recidivist life sentence and violated his due process rights. Petitioner argues further that the record does not reflect the circuit court's finding that he affirmatively expressed his desire to remain silent. Finally, petitioner contends that the circuit erroneously employed a harmless error analysis in concluding that, even assuming he was not duly cautioned, such failure did not prejudice him.

> West Virginia Code § 61-11-19 provides that

> [i]t shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impaneled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen of this article on a second or third conviction as the case may be.

Further,

> [i]t is well established in this State that the provisions of *W.Va. Code* [§] 61-11-19 [1943], including the requirement that the defendant, before he acknowledges his

3

identity as the person who has been previously convicted, must be duly cautioned, are mandatory and must be complied with fully for the imposition of a valid sentence of further confinement under the statute.

*State v. Cain*, 178 W.Va. 353, 356, 359 S.E.2d 581, 584 (1987) (citing *State ex rel. Beckett v. Boles*, 149 W.Va. 112, 118, 138 S.E.2d 851, 855 (1964)). The words "duly cautioned,"

> with regard to former convictions and sentences before a valid judgment can be imposed for an additional sentence as provided in Code, 61-11-18, as amended, are fully complied with when the accused, after being convicted of the substantive offense and before being sentenced thereon, is later brought before the court in the same term and advised that the prosecuting attorney has filed a written information informing the court of former convictions and sentences; and the court then proceeds to advise the accused of the nature of each former offense and of the time and place of each former sentence, and then after giving the accused an opportunity to say whether he has any defense thereto, asks him if he is the same person as was formerly convicted and sentenced. If he answers in the affirmative, appropriate sentence may be pronounced in accordance with the statute.

Syl. Pt. 4, in part, *State ex rel. Mounts v. Boles*, 147 W.Va. 152, 126 S.E.2d 393 (1962).

Petitioner first argues that he was not "duly cautioned" as required under West Virginia Code § 61-11-19 and *Boles*. Petitioner contends that the circuit court's failure to "perform this procedural colloquy as a matter of fact constitutes a denial of due process because it leaves the court without jurisdiction." Petitioner, however, ignores our pronouncement that "the defendant, *before he acknowledges his identity as the person who has been previously convicted*, must be duly cautioned[.]" *Cain*, 178 W.Va. at 356, 359 S.E.2d at 584 (emphasis added). Petitioner herein did not acknowledge his identity. Rather, he demanded that a jury be empaneled to determine the issue of identity. Indeed, in every case cited by petitioner for the proposition that he should have been duly cautioned, the defendant admitted his identity. Petitioner offers no authority establishing that that the circuit court was obligated to comply with Syllabus Point 4 of *Boles* prior to empaneling a jury to determine the issue of identity.

Next, citing *Mounts v. Boles*, 326 F.2d 186 (4th Cir. 1963), petitioner contends that he was denied due process under the Fourteenth Amendments to the West Virginia and United States Constitutions. In *Mounts*, the circuit court read to the defendant the recidivist information without explaining the purpose of the information, the effect of the defendant's affirmative answers to the court's questions, or that he had a right to stand silent and empanel a jury. 326 F.2d at 187. The circuit court asked the defendant if he was the same person convicted of the offenses set forth in the information, and the defendant responded in the affirmative. *Id.* The defendant, "[w]ithout more," was then sentenced to life imprisonment. *Id.* The *Mounts* Court reiterated that "if the prisoner was not duly cautioned *prior to his admission of his identity* and prior to the imposition of sentence then the failure to do so denied to the prisoner due process of law." *Id.* at 188 (emphasis added). Because the defendant was not "informed of the grave consequences of his answers to the questions concerning his identity," and because "essential

4

fairness dictates that the disposition of any issue determinative of the legal power of the tribunal to inflict the additional [recidivist] punishment must be accompanied by adequate notice to the accused that the issue is before the Court, followed by an opportunity to be heard[,]" the *Mounts* Court found that the defendant therein had been deprived due process of law. *Id.* Thus, it continued,

> [t]o satisfy the minimum requirements of fundamental fairness *under the circumstances* the prisoner should have been told of his right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury. Furthermore, he should have been told that the consequences of his admissions would be a mandatory life sentence.

*Id.* (emphasis added.)

Again, petitioner fails to offer support for the argument that a denial of due process results when a defendant stands silent and proceeds to trial on the issue of identity, as he did in this case. Accordingly, we find no error in the circuit court's conclusion that petitioner's due process rights were not violated.

Petitioner also argues that, at the arraignment on his recidivist information, the circuit court failed to ask him directly whether he wished to remain silent, and he did not state on the record that he wished to remain silent. Petitioner acknowledges that the circuit court stated, "[t]hat's kind of funny under the law we say you remain silent but you have to say I remain silent[,]" but contends that the court's failure to require him to say the words, "I remain silent," amounts to error. Petitioner also argues that the circuit court's subsequent question, "So you wish to not plead to that now; is that correct?" and his response of "Yes, sir" "is not the plea articulated by the mandatory procedures in West Virginia Code § 61-11-19." In short, petitioner argues that the circuit court's failure to require him to say specifically that he is not the person identified in the recidivist information or that he "remains silent" deprived the circuit court of jurisdiction to impose a recidivist life sentence.

As with petitioner's other contentions, he fails to set forth any law to support his argument that specific words be used by either the court or defendant where a defendant chooses to remain silent on the issue of identity. As such, we find no error in the circuit court's conclusion that the above-quoted exchange between petitioner and the circuit court at his arraignment satisfied West Virginia Code § 61-11-19's requirement that the court inquire into petitioner's identity and that petitioner be entitled to stand silent.

Petitioner's final contention is that the circuit court's harmless error analysis regarding any failure to duly caution him is improper and warrants reversal.[1] Indeed, we held in Syllabus Point 1 of *Holcomb v. Ballard*, 232 W.Va. 253, 752 S.E.2d 284 (2013) that "[t]he procedural recidivist requirements of W.Va. Code § 61-11-19 (1943) . . . are mandatory, jurisdictional, and not subject to harmless error analysis." But, the circuit court's primary basis for denying his

---

[1]In its order, the circuit court stated that "assuming [it] erred and did not duly caution him, such error did not result in a violation of [petitioner's] constitutional rights."

petition for writ of habeas corpus was that he "never made an admission to prior convictions without being duly cautioned[; therefore,] the trial court had jurisdiction to impose the enhanced penalty and did not violate [petitioner's] right to due process." Because we may affirm a judgment for any just reason appearing from the record, we find that the circuit court's alternative, but erroneous, basis for denying petitioner's habeas petition does not warrant reversal of the circuit court's order. *See* Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.).

For the foregoing reasons, we affirm the circuit court's October 27, 2016, order denying petitioner's amended petition for writ of habeas corpus.

Affirmed.

**ISSUED:** March 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker