STATE *ex rel.* NATHAN JOHNSON

*v.*

OTTO C. BOLES, *Warden,*

WEST VIRGINIA PENITENTIARY

(No. 12596)

Submitted October 18, 1966. Decided November 22, 1966.

Berry, Judge, not participating.

*Sterl F. Shinaberry,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

In this original habeas corpus proceeding instituted in this Court in July 1966, the petitioner, Nathan Johnson, who is presently confined in the penitentiary of this State by virtue of a sentence of life imprisonment as a habitual criminal imposed by the Criminal Court of McDowell County, West Virginia, by its final judgment rendered May 13, 1954, seeks a writ to prevent the enforcement of the sentence of life imprisonment and to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.

On July 26, 1966, this Court awarded a writ returnable October 4, 1966 and appointed an attorney to represent the petitioner. Upon the return day of the writ this proceeding, by agreement of the parties and consent of this Court, was continued until October 18, 1966, at which time it was heard and submitted for decision upon the petition and its exhibits, the return of the defendant, and the written brief in behalf of the

petitioner. The case was not argued orally and no brief was filed in behalf of the defendant.

From the pleadings and the exhibits it appears that the petitioner was indicted by the grand jury of the Criminal Court of McDowell County at the April 1954 Term for the crime of murder; that on the 30th day of April, 1954, the petitioner, being represented by counsel, upon his plea of not guilty, was convicted by the verdict of a jury of the crime of murder of the second degree; that on May 13, 1954, during the same term of court, the motion of the petitioner to set aside the verdict of the jury and to grant him a new trial was overruled; that on that day the prosecuting attorney of McDowell County filed an information which charged that in addition to the conviction of the principal offense of murder of the second degree the petitioner had been twice previously convicted of and sentenced for felonies in the Criminal Court of McDowell County on November 10, 1941, and January 18, 1950; that after being duly cautioned the petitioner acknowledged that he was the same person who had been twice previously convicted and sentenced for the foregoing felonies; and that by final judgment rendered May 13, 1954, the petitioner was sentenced to confinement in the penitentiary of this State for the term of his natural life as a recidivist.

The order entered November 10, 1941, sentencing the petitioner to confinement in the penitentiary for an indeterminate period of one year to five years is silent with respect to the appointment or the presence of counsel for the petitioner and as to whether he was advised as to his right to the assistance of counsel and whether he intelligently waived such right.

The petitioner asserts that the conviction for unlawful wounding upon his plea of guilty on November 10, 1941, is null and void because he was not afforded the assistance of counsel and contends that the sentence of life imprisonment which he is presently serving is also void because it is based upon that conviction and

sentence and upon his subsequent conviction and sentence on January 18, 1950, and that the conviction and sentence of November 10, 1941, can not be used for the purpose of imposing additional punishment upon the petitioner under the recidivist statute of this State.

The return of the defendant admits that the record of the conviction of the petitioner in the Criminal Court of McDowell County of the offense for which he was sentenced for a period of one year to five years in the penitentiary of this State on November 10, 1941, is silent as to whether he was represented by counsel or waived his right to the assistance of counsel.

The decision in this proceeding is controlled by *State ex rel. Widmyer v. Boles,* 150 W. Va. 109, 144 S. E. 2d 322, and the numerous cases cited in the opinion in that case. In the *Widmyer* case this Court held that a sentence of life imprisonment, based upon conviction of the principal offense, and two prior convictions for felonies, is void and unenforceable if the conviction and sentence for one of the prior felonies is void, and that the only valid sentence which could in such circumstances be imposed was the sentence for the principal offense and an additional sentence of five years based upon one valid prior conviction of a felony, or in that case a maximum sentence of one year to fifteen years. See also *State ex rel. Wright v. Boles,* 150 W. Va. 381, 146 S. E. 2d 524; *State ex rel. Whytsell v. Boles,* 149 W. Va. 324, 141 S. E. 2d 70.

In point 2 of the syllabus in the *Widmyer* case this Court said: "The denial of the fundamental right of a defendant to the assistance of counsel in a criminal proceeding applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute, and such conviction and any sentence of imprisonment imposed upon it, being null and void because of such denial, can not justify or support the imposition of any additional imprisonment under such statute." Because the sentence rendered November 10,

1941, of one year to five years in the penitentiary was void and unenforceable, the only valid sentence which the Criminal Court of McDowell County was authorized to impose was the sentence of five years to eighteen years for the crime of murder of the second degree and an additional sentence of five years based upon the valid prior conviction of the petitioner of a felony on January 18, 1950.

This Court has held in numerous cases that a petitioner in a habeas corpus proceeding, upon whom imprisonment for an invalid additional period has been improperly imposed under the recidivist statute of this State, may be relieved of the void portion of the imprisonment but will not be discharged from serving the maximum term provided by statute for the principal offense and any valid additional sentence for any prior felony conviction. *State ex rel. Widmyer v. Boles*, 150 W. Va. 109, 144 S. E. 2d 322, and the numerous cases cited in the opinion in that case.

As the petitioner has not fully satisfied the valid sentence provided by statute of five years to eighteen years for the principal offense and an additional period of five years because of his valid prior conviction of a felony on January 18, 1950, in the Criminal Court of McDowell County, he is not entitled to be released from his present confinement until he has completely served the valid portion of the foregoing sentence as provided by law.

For the foregoing reasons the petitioner is remanded to the custody of the defendant until he has served the valid sentence to which he is subject as provided by law.

*Prisoner remanded.*