RAYMOND S. HOUSDEN

*v.*

BOBBY LEVERETTE, *Warden,*

*West Virginia Penitentiary*

(No. 14065)

Decided March 7, 1978.

*Radosh & Askin, Steven M. Askin* for relator.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey,* Assistant Attorney General, for respondent.

MCGRAW, JUSTICE:

In this original habeas corpus proceeding, filed on October 17, 1977, the relator (petitioner) contends the life sentence imposed under this state's habitual offender statute, W.Va. Code §§ 61-11-18 & 19, by the Circuit Court of Jefferson County is void on several grounds. Primarily, petitioner assails the life sentence on the ground that it constitutes cruel and unusual punishment, but he also attacks the validity of one of the underlying felony convictions which served as a predicate for imposition of the life sentence in the habitual criminal proceeding.

We agree that petitioner's 1962 conviction for malicious wounding is invalid and void and cannot serve as a foundation for the habitual offender charge, because petitioner was denied effective assistance of counsel when he entered his guilty plea to that charge. In view of the conclusion reached on this issue, discussion of the remaining contentions is deemed both unnecessary and unwarranted.

This petitioner has been convicted of three felonies in West Virginia: (1) sodomy in 1957; (3) malicious wounding in 1962; and (3) breaking and entering in 1968. The record also reveals that he has been convicted of three felonies in Virginia.[1] On May 10, 1968, following the conviction for the offense of breaking and entering, and in accordance with the procedural requirements of the habitual offender statute, the Jefferson County Circuit Court sentenced petitioner to life imprisonment based on two prior felony convictions in this state.

The record reveals these salient facts concerning petitioner's 1962 conviction for malicious wounding: Peti-

---

[1] *State ex rel. Housden v. Adams,* 143 W.Va. 601, 103 S.E.2d 873 (1958), holding invalid a life sentence imposed under the habitual offender statute where its mandatory requirements were not strictly followed, involved the same petitioner as in the present proceeding.

tioner was indicted by the Jefferson County Grand Jury on September 19, 1961, on a charge of malicious wounding stemming from an altercation in the Charles Town, West Virginia jail; on April 23, 1962, he was transported from the West Virginia Penitentiary at Moundsville to Jefferson County to stand trial on that charge, and on the same day he was provided with appointed counsel to represent him; on the following day, April 24, 1962, petitioner plead guilty to the original charge of malicious wounding, was sentenced according to law, and was transported and arrived back at the penitentiary at Moundsville on that same day.

As urged by petitioner, we adopt the well-established rule in the Fourth Circuit that an interval of one day or less between the appointment of counsel and trial or the entry of a guilty plea raises a rebuttable presumption that the defendant was denied effective assistance of counsel and shifts the burden of persuasion to the state. *E.g., Hart v. Coiner*, 483 F.2d 136 (4th Cir. 1973), *cert. denied*, 415 U.S. 983, 94 S.Ct. 1577, 39 L. Ed. 2d 881 (1974); *Garland v. Cox*, 472 F.2d 875 (4th Cir.), *cert. denied*, 414 U.S. 908, 94 S.Ct. 217, 38 L. Ed. 2d 146 (1973); *Stokes v. Peyton*, 437 F.2d 131 (4th Cir. 1970) (same rule applicable to retained counsel); *Coles v. Peyton*, 389 F.2d 224 (4th Cir.), *cert. denied*, 393 U.S. 849, 89 S.Ct. 80, 21 L. Ed. 2d 120 (1968); *Fields v. Peyton*, 375 F.2d 624 (4th Cir. 1967); *Twiford v. Peyton*, 372 F.2d 670 (4th Cir. 1967); *Martin v. Virginia*, 365 F.2d 549 (4th Cir. 1966); *Turner v. Maryland*, 318 F.2d 852 (4th Cir. 1963). Although we recognize that several circuits[2] have declined to follow the evidentiary rule established in the Fourth Circuit, the reasoning of Judge Sobeloff in *Garland* a case remarkably similar to the instant case, persuades this Court

---

[2] *Rastrom v. Robbins*, 440 F.2d 1251 (1st Cir.) *cert. denied*, 404 U.S. 863, 92 S. Ct. 53, 30 L. Ed.2d 107 (1971); *U.S. v. Wight*, 176 F.2d 376 (2d Cir. 1949), *cert. denied*, 338 U.S. 950, 70 S. Ct. 478, 94 L. Ed. 586 (1950); *Moore v. U.S.*, 432 F.2d 730 (3rd Cir. 1970) (en banc); *Mosley v. Dutton*, 367 F.2d 913 (5th Cir. 1966), *cert. denied*, 387 U.S. 942, 87 S. Ct. 2074, 18 L. Ed.2d 1328 (1967); *Callahan v. Russell*, 423 F.2d 450 (6th Cir. 1970); *Wolfs v. Britton*, 509 F.2d 304 (8th Cir. 1975).

that justice and fairness will be best served by adopting the procedural rule employed by our federal courts. Moreover, efficient administration and utilization of judicial time provide an additional policy consideration for adopting the approach employed by the Fourth Circuit, since after a prisoner of this state exhausts his state post-conviction remedies, he may, and often does, pursue relief in the federal district courts of this state challenging the fact of or the duration of confinement pursuant to 28 U.S.C. § 2254.

The significant facts as set out above indicate petitioner has come within the procedural rule, and he is thereby entitled to the benefit of the presumption of ineffective assistance of counsel.

Under the rule announced today, as soon as contravening evidence is presented from any source indicating that a criminal defendant was effectively represented the presumption vanishes completely and disappears as a rule of law. *Garland v. Cox,* 472 F.2d at 879.

The record indicates that there is no transcript of the guilty plea proceeding available,[3] and petitioner's appointed counsel, by affidavit made a part of the record before this Court, swears he has "no accurate recollection of any matters" which are outside the record in this case. Since no evidence was presented to rebut the presumption, petitioner's claim to ineffective assistance of counsel must be sustained.

The state argues that a criminal defendant should not be permitted to rely on a presumption of ineffective assistance of counsel resulting from a belated appointment of counsel and should be required to carry the burden of proving prejudice due to late appointment of counsel, where the defendant's lack of diligence in presenting his ineffective assistance of counsel claim precludes or re-

---

[3] The guilty plea proceeding occurred prior to the passage of West Virginia Code 62-3-1(a) which suggested and encouraged trial courts to utilize a guilty plea form to serve as prima facie evidence that the plea was entered with an understanding of certain constitutional rights.

moves the possibility of the state presenting rebuttal evidence.

Although the proposition advocated by the state at first blush has a certain logical appeal, such an exception in practical application would be unworkable. For example, if the claim of ineffective assistance had been presented within one year of the conviction, would the exception be applicable if the defendant's counsel had no recollection of the nature of the services rendered on behalf of the defendant? Moreover, since a trial court of this state created this unfortunate situation in the first place, the state should bear the burden of demonstrating that defendant has received more than a perfunctory appearance of counsel. Though there may be a class of cases where an exception to the evidentiary rule would have salutary effects not inconsistent with the constitutional rights of criminal defendants, this is not one of them.

Since petitioner was denied effective assistance of counsel, the trial court lacked jurisdiction to enter a valid judgment of conviction and such judgment as entered is void, syl. pt. 25 of *State v. Thomas*, ___ W.Va. ___, 203 S.E.2d 445 (1974), and cannot serve as a foundation for the application of the habitual offender statute. *State ex rel. Johnson v. Boles*, 151 W.Va. 224, 151 S.E.2d 213 (1966); *State ex rel. Widmyer v. Boles*, 150 W.Va. 109, 144 S.E.2d 322 (1965) and the cases cited therein. Therefore, the sentence of life imprisonment imposed upon the petitioner under the habitual offender statute is null and void.

The validity of petitioner's 1968 breaking and entering conviction and his 1957 sodomy conviction are not challenged in this proceeding. Consequently, the Circuit Court of Jefferson County had authority to validly impose a sentence of one-to-ten years for the crime of breaking and entering and an additional sentence of five years added to the maximum of the indeterminate sentence based on his previous conviction of a felony of-

fense in 1957. The sentence thus authorized by law was for an indeterminate period of one-to-fifteen years.

The question remaining for decision is whether the petitioner is entitled to release from confinement under the facts of record in this proceeding. This issue is controlled by the law expressed in syllabus pt. 2 of *State ex rel. Johnson v. Boles*, 151 W. Va. 224, 151 S.E.2d 213 (1966), which represents the law applied in numerous prior decisions of this Court:

> A petitioner in a habeas corpus proceeding upon whom imprisonment for an invalid additional period has been improperly imposed under the recidivist statute of this State, may be relieved of the void portion of the imprisonment but will not be discharged from serving the maximum term provided by statute for the principal offense and any valid additional sentence for any prior felony conviction.

Inasmuch as the petitioner has not fully served the maximum sentence provided by statute for the substantive offense and the additional sentence of imprisonment for his prior felony conviction, he is not entitled to release from confinement in this habeas corpus proceeding.

Accordingly, petitioner is remanded to the custody of defendant warden until he has served the sentence authorized or is otherwise released.[4]

*Prisoner remanded.*

---

[4] Under W.Va. Code § 62-8-4, the warden of the penitentiary at Moundsville may initiate a habitual offender proceeding in the Marshall County Circuit Court if he has information as to prior felony convictions in the United States committed by a prisoner in his custody.