STATE OF WEST VIRGINIA

*v.*

JAMES KENNETH MORRIS

(No. 14053)

Decided May 5, 1981.

*Stephen Jon Ahlgren* for appellant.

*Chauncey H. Browning,* Attorney General, *Silas B. Taylor,* Assistant Attorney General, for State.

PER CURIAM:

This is an appeal by James Kenneth Morris from an order of the Circuit Court of Clay County denying his motion to arrest the judgment and grant a new trial and sentencing him to from one to five years imprisonment for unlawful wounding. His primary contention is that the trial court erred is not affording his appointed counsel adequate time to prepare for trial. We agree and reverse the conviction.

The appellant was indicted on March 15, 1976, for malicious wounding. He initially retained counsel, but subsequently lost his job and became an indigent. His attorney then informed him that he would move the court to withdraw as counsel "for [the appellant's] failure to comply with the employment contract." The retained attorney did move to withdraw, and on June 25, 1976, the court granted the motion. At this point the record is silent as to what steps were taken to require the withdrawing attorney to disclose if the defendant had other counsel or to bring the defendant into court to ascertain this fact.

Trial was set for July 22, 1976. On this date, the appellant appeared before the court, and the defendant was asked if he had counsel and replied he had none and stated he was "under the assumption the Court would appoint one for me."

The court then asked Mr. Reed, an attorney who was present in the courtroom, to represent the appellant. When

Mr. Reed indicated that he could not because of a conflict of interest, the trial judge said: "Under these circumstances you will not be appointed. I am going to let this case go over and there is not going to be any delay." The court thereupon instructed the clerk to contact Mr. Huffman, another attorney. Mr. Huffman was unavailable, and finally the court decided to appoint a Mr. Ahlgren who apparently had been present in the courtroom throughout the proceeding.

The court then gave Mr. Ahlgren fifteen minutes in which to consult with the appellant before commencing trial.

The trial lasted two days. A number of witnesses were called by the State but defense counsel failed to call all the witnesses subpoenaed by the defendant. At the conclusion of the evidence instructions were offered by the parties.

We have held that in a criminal case timely appointment and a reasonable opportunity for adequate preparation are absolute prerequisites to a defendant's constitutional right to effective assistance of counsel. *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980); *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979); *Housden v. Leverette*, 161 W.Va. 324, 241 S.E.2d 810 (1978); *State ex rel. West Virginia-Pittsburgh Coal Co. v. Eno*, 135 W.Va. 473, 63 S.E.2d 845 (1951).

*Eno* involved a criminal contempt proceeding where counsel was retained less than twenty-four hours before the hearing. He sought a continuance but this was refused. There was no issue involved that the defendants had delayed seeking counsel and we stated:

> "To hold that counsel should have prepared for trial in less than twenty-four hours after having been employed would, we think, have the effect of denying the defendants a fair trial, and denying unto them the effective assistance of counsel to which they were entitled." *Id.* at 483, 63 S.E.2d at 851.

We laid down the following general rule in Syllabus Point 2 of *Eno*:

> "The right guaranteed by State and Federal Constitutions to a person charged with a criminal violation to have effective assistance of counsel, cannot be abrogated by denying counsel, if timely employed, sufficient time to adequately prepare for trial."

*Eno's* principle was followed in our later case of *Housden v. Leverette*, 161 W.Va. 324, 241 S.E.2d 810 (1978), where we said in Syllabus Point 1:

> "An interval of one day or less between the appointment of counsel and trial or the entry of a guilty plea raises a rebuttable presumption that the defendant was denied effective assistance of counsel and shifts the burden of persuasion to the State."

In both cases we reasoned that in the absence of some factor indicating that less than twenty-four hours was adequate we would be compelled to hold that it was inadequate. *See, State ex rel. West Virginia-Pittsburgh Coal Co. v. Eno, supra; Housden v. Leverette, supra.*

We cannot conclude from the present record that defense counsel had adequate time to undertake any discovery or other pretrial preparations. As a consequence, under *Eno* and *Housden,* the judgment is reversed and the appellant is awarded a new trial.

*Reversed.*