383 S.E.2d 530

**STATE of West Virginia**

v.

**Charles W. BARLOW.**

**No. 18799.**

Supreme Court of Appeals of West Virginia.

July 20, 1989.

Hugh Rogers, Jr., Kerens, for Charles W. Barlow.

Jeffrey L. Hall, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

Charles W. Barlow appeals from his conviction of receiving and transferring stolen goods in violation of W.Va.Code § 61–3–18 (1989) and from his conviction under the West Virginia Habitual Criminal Statute, W.Va.Code § 61–11–19 (1989).

I.

FACTS

During the early morning hours of June 29—June 30, 1987, thieves broke into the warehouse of Elkins Industrial Equipment Company in Randolph County, West Virginia. They stole approximately twelve chainsaws, a water pump, and cash.

Following an investigation by the State Police, a warrant was issued on July 3, 1987 to search the defendant's trailer. The warrant was based on an affidavit signed by Trooper J.W. Reed. The affidavit stated that there was probable cause to search because:

Vehicle driven by Charles W. Barlow fits description of vehicle at scene of crime and information obtained by Deputy McCauley that Charles W. Barlow and

Billie Lloyde were attempting to sell numerous power saw [sic] in Mill Creek on 7/2/87 operating the same vehicle. Vehicle above was seen at location of B & E by a witness, who described to Tpr. Reed.

That same day, the police searched the defendant's trailer and seized six chainsaws and cash. The State Police then obtained statements from several individuals who had either purchased stolen property from the defendant or had assisted him in selling the stolen merchandise.

The defendant was indicted for receiving and transferring stolen goods in violation of W.Va.Code § 61–3–18. After a trial in November, 1987, the jury found him guilty of that charge.

II.

THE FOURTH AMENDMENT CHALLENGE

The defendant initially challenges the constitutional validity of the trailer search. The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue, but upon probable cause,* supported by Oath or affirmation, and particularly describing the places to be searched and the persons or things to be seized. (Emphasis added.)[1]

"Though it is impossible to define 'probable cause' with mathematical precision, 'it is clear that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'" *State v. Worley,* 179 W.Va. 403, 369 S.E.2d 706 at 712, *cert. denied,* 488 U.S. 895, 109 S.Ct. 236, 102 L.Ed.2d 226 (1988), citing *Illinois v. Gates,* 462 U.S. 213 at 235, 103 S.Ct. 2317 at 2330, 76 L.Ed.2d 527 at 546 (1983). *E.g., State v. Wotring,* 167 W.Va. 104, 279 S.E.2d 182 (1981); *State v. Stone,* 165 W.Va. 266, 268 S.E.2d 50 (1980).

The defendant argues that the affidavit is insufficient to establish probable

1. West Virginia Constitution, art. III, § 6 is virtually identical to the Fourth Amendment.

cause because it was based on hearsay. As we held in syllabus point 4 of *State v. Adkins*, 176 W.Va. 613, 346 S.E.2d 762 (1986):

> Under the Fourth Amendment to the United States Constitution and Article III, Section 6 of the West Virginia Constitution, the validity of an affidavit for a search warrant is to be judged by the totality of the information contained in it. Under this rule, a conclusory affidavit is not acceptable *nor is an affidavit based on hearsay acceptable unless there is a substantial basis for crediting the hearsay set out in the affidavit which can include the corroborative efforts of police officers.* (Emphasis added.)

As we explained in *State v. Adkins*, 176 W.Va. at 621, 346 S.E.2d at 770:

> The veracity or credibility of hearsay information which the warrant affidavit is reciting can also be evaluated on a scale that varies with the type of informant. *Where a police officer affiant is reciting information obtained from a fellow police officer, it is ordinarily not necessary to detail information with regard to their veracity. See, e.g., Whiteley v. Warden*, 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306, 313 (1971) (credibility of police officer); *United State v. Ventresca*, 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684, 690 (1965) (credibility of IRS investigator). (Emphasis added.)

Here, Trooper Reed recited information obtained from Deputy Sheriff McCauley; it was not necessary for Trooper Reed to detail information regarding McCauley's veracity.[2]

Review of the warrant indicates that McCauley had information that the defendant was selling chainsaws in Mill Creek on July 2, 1987, two days after the theft. McCauley substantiated this information by verifying that the vehicle in which the stolen merchandise was being sold was the same vehicle that was being driven by the defendant. In light of the foregoing, we find that there was probable cause to issue the warrant.[3]

Accordingly, the defendant's conviction under W.Va.Code § 61–3–18 is affirmed.

### III.

### THE RECIDIVIST ACTION

After the defendant's conviction for receiving and transferring stolen property,

---

**2.** The defendant argues that the affidavit contains hearsay within hearsay. Specifically, the defendant argues that the statement in the affidavit, "that the information was obtained by D.S. McCauley," indicates that this information was received from a confidential informant. Because there was not a substantial basis for crediting the information obtained from the confidential informant, the defendant argues that the warrant is insufficient. *See* syllabus point 4, *State v. Adkins, supra.*

There is no indication in the affidavit that Deputy McCauley did not have firsthand knowledge that the defendant was selling stolen merchandise in Mill Creek. Had the defendant made a motion to suppress pursuant to Rule 12(b)(3) of the West Virginia Rules of Criminal Procedure, this issue could have been explored by the trial court. Pursuant to Rule 12(f) of the West Virginia Rules of Criminal Procedure, "[F]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial ... may constitute waiver thereof ..."

**3.** Defendant further asserts that there were several errors in the instructions submitted by the State; however, review of the record indicates that the defendant failed to object to these errors at trial. In syllabus point 6 of *State v. Davis*, 153 W.Va. 742, 172 S.E.2d 569 (1970), we held:

> As a general rule, no party may assign as error the giving of an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly as to the instruction the matter to which he objects and the grounds of his objection; and ordinarily only grounds thus assigned in the trial court will be considered on appeal of the case to this Court.

Because the defendant failed to object to these errors at trial, we will not consider this issue on appeal. *E.g.*, syllabus point 3, *State v. Berry*, 176 W.Va. 291, 342 S.E.2d 259 (1986); syllabus point 3, *State v. Gangwer*, 169 W.Va. 177, 286 S.E.2d 389 (1982). *Cf. State v. Fisher*, 179 W.Va. 516, 370 S.E.2d 480 (1988) (this Court will not notice plain error where the erroneous instruction did not substantially impair the truth finding function of the trial); *State v. Schofield*, 175 W.Va. 99, 331 S.E.2d 829 (1985) (an alleged error must be raised in the trial court to be considered on appeal unless a particular instruction is fundamental to a defendant's theory of the case).

the prosecutor filed a recidivist information with the circuit court pursuant to W.Va. Code § 61–11–19. The information charged that the appellant had been convicted of grand larceny in 1965, breaking and entering in 1977, and receiving and transferring stolen property in 1983.

A trial was held on the recidivist action in January, 1988, and the jury found that the appellant was the same individual who had been convicted of the three prior felonies. Pursuant to W.Va.Code § 61–11–18,[4] the trial court sentenced the defendant to life in the West Virginia Penitentiary.

### A.

#### The 1965 Grand Larceny Conviction

Barlow argues that his 1965 grand larceny conviction is void and should not support his recidivist conviction because he was denied effective assistance of counsel. Barlow contends that because the appointment of his counsel and the entry of his plea of guilty all occurred on the same day, there is a presumption that he was denied effective assistance of counsel. We agree.

■ In syllabus points 1 and 2 of *Housden v. Leverette*, 161 W.Va. 324, 241 S.E.2d 810 (1978), we held:

> An interval of one day or less between the appointment of counsel and trial or the entry of a guilty plea raises a rebuttable presumption that the defendant was denied effective assistance of counsel and shifts the burden of persuasion to the state.
>
> Where the presumption of ineffective assistance of counsel is rebutted by evidence from any source, the presumption then vanishes completely and disappears as a rule of law.

In *Housden*, the defendant had counsel appointed one day and entered a guilty plea the following day. This Court concluded that the presumption of ineffective assistance of counsel had not been rebutted, and the conviction could not serve as the basis for the application of a recidivist action. The facts in this case are even more suspect. An order entered on September 14, 1965, by the Circuit Court of Randolph County, recites that Barlow had counsel appointed, entered a plea of guilty, and was convicted on the same day. No evidence was presented at the trial of the recidivist charge to rebut the presumption of ineffective assistance of counsel.

■ Because the presumption of ineffective assistance of counsel stands, the defendant's 1965 grand larceny conviction cannot serve as a foundation for application of the recidivist statute. Syllabus point 3, *Housden v. Leverette, supra;* syllabus point 2, *State v. Cain*, 178 W.Va. 353, 359 S.E.2d 581 (1987). We remand this portion of the proceeding to allow the State an opportunity to rebut the presumption of ineffective assistance of counsel.

### B.

#### The 1977 Breaking and Entering Conviction

In 1977, the defendant was convicted of breaking and entering. The defendant sent the circuit court a pauper's affidavit and requested a copy of the trial transcript. Despite the request, the circuit clerk failed to provide a transcript. On March 14, 1978, the defendant filed a petition for a writ of habeas corpus in this Court. In his petition, the defendant alleged that he had been denied his right to petition for appeal because he had not been provided with a

---

4. West Virginia Code § 61–11–18 provides:

When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

When it is determined, as provided in section nineteen hereof, that such person shall have been twice convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

transcript or appointed counsel. We issued a writ of habeas corpus returnable before the Circuit Court of Upshur County. On May 12, 1978, the circuit court resentenced the defendant and directed that he be provided with a transcript of his case. However, the circuit court did not appoint counsel to pursue the defendant's appeal.

On May 22, 1979, the defendant filed a second petition for a writ of habeas corpus with this Court. We concluded that the State had been extraordinarily derelict in affording the defendant a timely appeal; thus, we ordered his discharge from custody. Moreover, we explained:

> [A]n unconditional discharge from confinement does not ordinarily operate to bar future prosecutions under principles of couble [sic] jeopardy, and our actions here do not preclude a retrial of the relator on the charges originally made against him.

*Charles W. Barlow v. Richard Mohn, Supt., W.Va. Penitentiary* (Per Curiam Order No. 14462, July 3, 1979). After Barlow's discharge, the State elected not to retry him.

■ In syllabus point 3 of *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977), we held that "[a]n unconditional discharge from confinement upon the issuance of a writ of habeas corpus does not ordinarily operate to bar further prosecution under principles of double jeopardy." Implicit in this holding is that the original conviction is void. On several occasions we have discharged a defendant from incarceration and explicitly reversed his conviction because the State was extraordinarily derelict in providing the indigent defendant a transcript of his case. *State v. England*, 178 W.Va. 648, 363 S.E.2d 725 (1987); *State v. Reedy*, 177 W.Va. 406, 352 S.E.2d 158 (1986).

■ As is explained in 24(B) C.J.S. *Criminal Law*, § 1960(6): "In order to enhance the penalty on conviction of a subsequent offense, it is generally held that there must have been a final judgment of conviction on the prior offense or offenses." A conviction that has been set aside or reversed may not be used to enhance a penalty. *State v. Bierce*, 113 W.Va. 649, 169 S.E. 478 (1933); *State v. Savage*, 86 W.Va. 655, 104 S.E. 153 (1920). *See generally* 39 Am. Jur.2d Habitual Criminals § 8 (1968). Because the defendant's 1983 conviction was annulled by this Court, that conviction cannot be used for enhancement purposes.[5]

### C.

### The 1983 Transferring and Receiving Stolen Property Conviction

In 1983 a Charles Barlow pled guilty to breaking and entering. At the recidivist proceeding, the State attempted to establish that the defendant was the same individual who had committed the crime in 1983. During the testimony of David Riggleman, the Circuit Clerk in Randolph County at the time the defendant was convicted in 1983, the prosecutor introduced into evidence a sentencing order dated January 19, 1984. That order reflected that a Charles Barlow was convicted of receiving and transferring stolen property on October 28, 1983. On cross-examination, defense counsel asked if Riggleman could identify Barlow as the same individual who had been convicted in 1983. Mr. Riggleman stated that he could not. Immediately thereafter, the prosecuting attorney stated:

> I'd ask the Court to take Judicial [sic] knowledge of that conviction because this Court was certainly present, and I certainly can testify that it is the same person. If there's any issue as to identi-

---

5. The State argues that our discharge of the defendant did not void his prior conviction. As authority for this proposition, the State cites *Dean v. Skeen*, 137 W.Va. 105, 70 S.E.2d 256 (1952). In *Dean, supra*, the Court found that a pardon by the Governor of West Virginia does not vitiate the original conviction for recidivist purposes; thus, a prior conviction which had been pardoned could be used to increase a de-

fendant's punishment under the habitual criminal statute. The executive may forgive a conviction, but he cannot extinguish it. This rule is not necessarily disadvantageous to the pardoned criminal. Though he may fear a recidivist prosecution upon further convictions, he is at least protected by the double jeopardy clause from another prosecution for the same offense. In this case, Barlow could have been tried again.

ty, I am sure the Court will remember this Defendant.

Defense counsel objected, and the court said "I am not testifying." No cautionary instruction was given.

■ The defendant's identity in an habitual criminal proceeding is the key factual issue, and the burden is, of course, on the State to establish that the defendant is the same individual who was convicted previously. In syllabus point 4 of *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980), we held:

> Where the issue of identity is contested in an habitual criminal proceeding, the State must prove identity beyond a reasonable doubt.

*E.g., State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978); *State v. Lawson*, 125 W.Va. 1, 22 S.E.2d 643 (1942).

"The particular method of proof of identity varies, but it consists typically of some combination of authenticated records, photographs, fingerprints, and testimony." *State v. Vance*, 164 W.Va. at 226, 262 S.E.2d at 429 n. 8, citing Annot. 11 A.L.R.2d 870 (1950). Although the State introduced a sentencing order which stated that a Charles Barlow had been convicted of a felony in 1983, "the mere proof of identity of names between the defendant and the person named in the prior conviction records fails to establish identity in a recidivist proceeding." *State v. Vance*, 164 W.Va. at 226, 262 S.E.2d at 429 n. 8, citing *State v. McKown*, 116 W.Va. 253, 180 S.E. 93 (1935).

■ Because the primary issue in the recidivist proceeding was the defendant's identity, the defendant argues that the prosecutor's remark was clearly prejudicial to him and warrants reversal of his conviction. We agree. In syllabus point 5 of *State v. Ocheltree*, 170 W.Va. 68, 289 S.E.2d 742 (1982), we held:

> A judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice.

The State had the burden of proving the defendant's identity beyond a reasonable doubt. By asking the court to take judicial notice that the defendant was the same person who was previously convicted, the State attempted to remove this issue from the jury. This error was further compounded by the trial court's failure to give a cautionary instruction.

In summary, we affirm the defendant's 1987 conviction of receiving and transferring stolen property. The 1977 breaking and entering conviction was annulled by this Court; thus it cannot be used for enhancement purposes. Both the 1965 grand larceny conviction and the 1983 receiving and transferring stolen property convictions can be used in a recidivist action; thus we remand the proceeding for a new trial pursuant to W.Va.Code § 61–11–19.

Affirmed in part; reversed in part, and remanded.