510 S.E.2d 797

STATE of West Virginia ex rel. STEVEN MICHAEL M., an Infant Under the Age of 18 Years, Petitioner,

v.

Honorable Rodney B. MERRIFIELD, Judge of the Circuit Court of Marion County; the West Virginia Department of Health and Human Resources; and The New Hope Treatment Center, Charleston, South Carolina, Respondents.

No. 25190.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1998.

Decided Dec. 9, 1998.

S. Sean Murphy, Murphy & Fitz, Morgan-town, West Virginia, Attorney for the Petitioner.

Darrell V. McGraw, Jr., Attorney General, Dawn Warfield, Deputy Attorney General, Charleston, West Virginia, Attorneys for Judge Merrifield.

Barbara L. Baxter, Assistant Attorney General, Charleston, West Virginia, Attorney for West Virginia Department of Health and Human Resources.

PER CURIAM:

This matter was brought pursuant to the original jurisdiction of this Court as a habeas corpus and prohibition proceeding. The relator, Steven Michael M. (hereinafter referred to as "Steven M."), seeks a writ of habeas corpus against the West Virginia Department of Health and Human Resources (DHHR)[1] and New Hope Treatment Center (NHTC)[2] on the ground that he is being illegally detained. Additionally, Steven M. filed a writ of prohibition against the Honorable Rodney B. Merrifield[3] challenging prior juvenile proceedings. Upon a review of the parties' arguments, the record and the pertinent authorities, the writ of habeas corpus issue is dismissed as improvidently granted and we deny the writ of prohibition.

## I.

### FACTUAL BACKGROUND

A delinquency petition was filed against Steven M. by his mother on July 18, 1996.[4] The petition charged Steven M. with truancy, false pretenses, and possession of obscene materials. On July 24, 1996, a hearing was held. The court was presented with a plea agreement between the state and Steven M. Counsel for Steven M. made the following statements regarding the plea agreement:

> My understanding of the plea agreement is that my client would enter an admission to Count II of the petition.[5] The State would dismiss Counts I and III. Based upon some information that I have from my client and his mother and that I've related to the Prosecutor, I understand

that the State would not object to a request on behalf of my client that he be placed at a facility such as, which is at the discretion of the Court, either New Hope or Kids Peace or something of that nature because of his problems. That's the plea agreement as I understand it, Your Honor.

The juvenile court accepted the plea agreement. Pursuant to a dispositional order entered on July 24, 1996, Steven M. was sentenced to one year at an appropriate group home.[6] It appears that Steven M. was initially sent to NHTC, located in South Carolina, for a sixty-day evaluation. At the end of the evaluation, Steven M. was returned to West Virginia and placed at Pressley Ridge's White Oak School, a community-based residential treatment program.[7] By dispositional order entered on February 27, 1997, Steven M. was released from Pressley Ridge White Oak School, placed on probation and returned to his mother.

On March 26, 1997, Steven M.'s mother filed a second juvenile petition against him. The second petition charged Steven M. with four counts of fraudulent use of a telephone.[8] A probation revocation hearing and a hearing on the new charges were held jointly on April 4, 1997. At the hearing, the court was presented with a plea agreement involving disposition of the probation revocation charge along with the new charges relating to the fraudulent use of a telephone. The parties agreed to a modification of the disposition of the 1996 case, and additionally agreed to a one year improvement period on the 1997 charges. The parties further

---

1. DHHR filed a response.

2. NHTC did not file a response.

3. A response was filed by Judge Merrifield through the attorney general's office.

4. The record indicates that Steven M. was then fifteen years old.

5. Count II of the petition charged Steven M. with the offense of false pretenses under W.Va.Code § 61-3-24a. Under this charge, Steven M. admitted to accessing on-line computer services to download pornographic material, without the consent of his mother, which resulted in a bill of about $650. The offense was a misdemeanor if

committed by an adult and carried a penalty of incarceration for up to one year.

6. Legal custody of Steven M. was placed with DHHR.

7. Steven M. was discharged from NHTC on November 26, 1996. He was admitted to Pressley Ridge White Oak School on or about December 2, 1996.

8. Steven M. placed calls to pornographic hot lines, carrying the "1-900" dialing prefix, from his mother's phone using her credit card. The offenses were misdemeanors. Each charge, if committed by an adult, carried a penalty of up to one year incarceration.

agreed that Steven M. would be placed at NHTC to complete its program. The court accepted the plea agreement. Accordingly, the joint dispositional order sentenced Steven M. to one year at the Industrial Home for Youth, suspended his industrial home sentence and placed him on probation for two years on the condition that he complete the program at NHTC.[9]

On June 30, 1998, Steven M. invoked the original jurisdiction of this Court seeking a writ of habeas corpus against DHHR and NHTC, challenging his confinement at NHTC. Steven M. further sought a writ of prohibition against Judge Merrifield. On July 1, 1998, this Court ordered Steven M. released from NHTC and returned to his mother.

## II.

## DISCUSSION

### A. *Habeas Corpus*

█ Steven M. alleges that he was held unlawfully at NHTC for a period of nineteen months for the 1996 charge, when the actual crime carried a period of confinement of only one year. This Court has held that "if a sentence of [confinement] under which a person is confined is void, in whole or in part, it may be reached and controlled in a habeas corpus proceeding." Syl. pt. 1, in part, *State ex rel. Nicholson v. Boles,* 148 W.Va. 229, 134 S.E.2d 576 (1964). We further held in sylla-

bus point 2, in part, of *State ex rel. Johnson v. Boles,* 151 W.Va. 224, 151 S.E.2d 213 (1966), that "[a] petitioner in a habeas corpus proceeding upon whom [confinement] for an invalid additional period has been improperly imposed ... may be relieved of the void portion of the [confinement] but will not be discharged from serving the maximum term provided by statute for the principal offense[.]" A careful review of the record reflects that this Court's issuance of the habeas was improvidently granted.[10] Judge Merrifield's brief correctly indicates that Steven M. was confined for a total of sixteen months. The disposition of both cases did not exceed the maximum period available under the 1996 change and the 1997 improvement period. Steven M. was given a one year pre-adjudicatory improvement period under the 1997 charges on the condition that he complete the program at NHTC. The record clearly reveals that the pre-adjudicatory improvement period on the 1997 charges was combined with the original sentence of one year confinement on the 1996 charge. Combining these two periods equates to twenty-four months at NHTC. It is clear to this Court that the parties contemplated dismissing the 1997 charges upon completion of the program at NHTC. Given that Steven M. has only served sixteen months of the twenty-four months, the circuit court still has jurisdiction over Steven M. with regard to the 1997 charges, as he has completed the one year sentence involving the 1996 charge.

9. We are unable to decipher the meaning of the dispositional order, insofar as it could be interpreted as actually sentencing Steven M. on the four charges (without a finding of guilt) or resentencing Steven M. on the 1996 charge. However, by reading the transcript from the hearing of April 4, 1997, the record indicates that Steven M. was merely granted an improvement period on the 1997 charges. In fact, the transcript states:

THE COURT: Case of State in the matter of Stephen M. 96–J–177 and 97–JD–90, let the record reflect ...
At this point in time I believe there's an agreed upon modification in 177. I believe there's going to be a motion for an improvement period and the terms and conditions will be the same as modification in 177 and that is that the infant will be placed in the New Hope facility for successful completion of their program. Is that your understanding of the plea agreement, Mr. Curry?

MR. CURRY: Correct.
THE COURT: Young Man?
INFANT RESPONDENT: Yes.
THE COURT? Mom?
MS. M.: Yes.
THE COURT: State?
MS. DEMASI: Yes, Your Honor.
THE COURT: Probation?
MS. CAMPBELL: Yes. Your Honor.
THE COURT: Department?
MR. KINCAID: Yes, Your Honor.
THE COURT: Also let the record reflect that this is also being logged as a multiple disciplinary team meeting and should so be indicated.

10. Judge Merrifield had scheduled a hearing on July 13, 1997. The hearing was continued as a result of this Court's issuance of the writ of habeas corpus on July 1, 1997. Both the record and oral argument reflect that the multi-disciplinary team was investigating a further placement to recommend to the Court.

Thus, the Court still has authority to place the juvenile in a treatment facility for the remainder of the available period.

### *B. Prohibition*

■ The habeas portion of the petition succinctly outlines the basis and nature of the relief sought. The petition for a writ of prohibition, however, fails to state what exactly Steven M. is seeking to prohibit the lower court from doing. "A writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate powers." Syl. pt. 1, *State ex rel. UMWA Intern. Union v. Maynard,* 176 W.Va. 131, 342 S.E.2d 96 (1985). The petition outlines numerous allegations challenging the nature of the prior juvenile proceedings against Steven M. However, these allegations are not properly presented and developed for a prohibition proceeding. For example, it is alleged that Steven M.'s prior counsel in the two juvenile cases did not have adequate preparation time and that the juvenile court did not properly consider placement options. Judge Merrifield has responded to these allegations to some extent. However, as suggested by Judge Merrifield, the record on these issues is not properly before this Court for a definitive resolution. The allegations present appellate issues that require a more adequate record than that provided in this original jurisdiction proceeding. We held in syllabus point 4 of *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996),

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Insofar as Steven M. has not presented an issue that comes within the narrow parameters of a writ of prohibition, we must deny the request. To the extent that Steven M. believes his prior counsel did not have adequate trial preparation time or that proper placement options were not considered by the court, these issues should have been presented as an appeal.

### III.

### CONCLUSION

In view of the foregoing, the writ of habeas corpus is dismissed as improvidently granted. Additionally, because of the appellate nature of the remaining issues raised by Steven M., the writ of prohibition is denied.

Writ Denied.

Justice McGRAW did not participate in the decision of this case.